■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL CHRISTOFORA, Appellant.— Appeal from a judgment of the County Court of Ulster County, rendered February 9, 1973, upon a verdict convicting defendant of the crime of criminal possession of a dangerous drug in the fourth degree. Defendant was indicted for criminal possession of a dangerous drug in the second degree and criminal possession of a dangerous drug in the sixth degree. It was later stipulated that the first count be reduced to criminal possession of a dangerous drug in the fourth degree. At the close of the People's case defendant moved for dismissal of both counts in the indictment. The trial court granted the motion as to the second count and denied it as to the first count. Defendant rested, without calling any witnesses. The jury found defendant guilty of the first count in the indictment, as amended. On this appeal defendant urges three grounds for reversal. First, there was insufficient legal evidence presented to the Grand Jury to warrant an indictment; second, there was illegal evidence presented at the trial as a result of an improper search; and lastly, there was a lack of evidence that the substance found on defendant's person was of sufficient weight to constitute a violation of the crime charged. We find no merit in any of defendant's contentions. As to the first contention, he relies on the case law as expressed in *People* v. *Jackson* (18 N Y 2d 516) and *People* v. *Nitzberg* (289 N. Y. 523). These cases have been superseded by statute. (CPL 210.30, subd. 6.) With respect to defend-

ant's second argument, a reading of Officer Stead's affidavits reveals that there was probable cause for issuing the search warrant. The officer kept a 10-day surveillance on defendant's apartment and observed many known drug addicts visiting defendant's apartment under circumstances which would arouse reasonable ground for suspicion. (*People* v. *Marshall,* 13 N Y 2d 28.) Defendant's last contention requires no other comment than that the State chemist testified, without contradiction, that the 62 tinfoil packets found on defendant's person contained 5.8 grams of heroin. This was more than sufficient weight to come within the purview of the statute. (Penal Law, § 220.15, subd. 2.) The judgment, therefore, must be affirmed. Judgment affirmed. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Main, JJ., concur.