■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT MARTINEZ, Appellant.—Judgment, Supreme Court, Bronx County (Bertram Katz, J.), rendered August 8, 1986, convicting defendant, after a jury trial, of three counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree, and sentencing him to five concurrent terms

of imprisonment of 5 to 15 years, unanimously affirmed. The case is remitted to Supreme Court, to direct surrender (CPL 460.50 [5]).

We find, after a review of the record, that the court's conduct with respect to defendant's cross-examination and summation did not impair defendant's ability to forcefully present and develop his defense. Not only are many of the questions and comments now objected to unpreserved for appellate review (People v George, 67 NY2d 817), but counsel can hardly complain of the volume of sustained objections when a good portion resulted from counsel's persistence in repeating the same questions already objected-to and sustained. Nor did the court's instruction not to testify while questioning the witnesses and to give a "proper" summation constitute disparagement of counsel (see, People v De Jesus, 42 NY2d 519). In any event, any error in restricting counsel's language in summation was clearly harmless in light of the overwhelming evidence of guilt. The trial court properly denied defendant's request for the identity of the confidential informant, as defendant failed to sustain his burden of showing the necessity for such disclosure when he made his application (People v Pena, 37 NY2d 642). Finally, we have considered defendant's claim that his sentence is excessive and find it to be without merit. Concur—Sullivan, J. P., Rosenberger, Ross, Smith and Rubin, JJ.