■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNELL BROOM, Appellant. [606 NYS2d 687] —Judgment, Supreme Court, New York County (John A.K. Bradley, J., at hearing; Clifford A. Scott, J., at trial), rendered April 10, 1989, convicting defendant, after a jury trial, of two counts of

robbery in the first degree, and two counts of robbery in the second degree, and sentencing him, as a second felony offender, to two terms of 12½ to 25 years, and two terms of 7½ to 15 years, respectively, all to run concurrently, unanimously affirmed.

When the complainant's 20 minute direct examination was followed by 3½ hours of repetitious cross-examination, over 2 days, the trial court properly exercised its discretion *(see, People v Brooks,* 131 NY 321, 326) in placing a half hour time limit on further cross-examination. In any event, at the end of the half hour, defense counsel did not indicate that he still had matters to cover. Similarly, we find that defense counsel's opening statement was not improperly curtailed.

Defendant's claim that the trial court engaged in a pattern of disparaging remarks directed at defense counsel was inadequately preserved with untimely objection *(see, People v Yut Wai Tom,* 53 NY2d 44, 55-56), and we decline to review it in the interest of justice. Were we to review, we would find that the remarks were made in the context of appropriate rulings on matters of law and could not have deprived defendant of a fair trial *(People v Martinez,* 183 AD2d 485, 486), especially in the light of the overwhelming evidence of guilt.

The court's charge on the status of the accomplice witness was contradictory in that it submitted the issue to the jury as a question of fact, even though the court's explanation of accessorial conduct had made it clear that the witness was an accomplice as a matter of law. Nevertheless, there was no danger of confusion because both the witness and the prosecutor conceded accomplice status.

There was no objection to the court's expanded charge on defendant's election not to testify, and we decline to review it in the interest of justice. The court's charge on credibility of witnesses was adequate to apprise the jury of its function. Finally, we find the photo array to be non-suggestive *(see, People v Chipp,* 75 NY2d 327, 336, *cert denied* 498 US 833). Concur—Rosenberger, J. P., Wallach, Kupferman, Ross and Tom, JJ.