■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE VALENTIN, Appellant. [621 NYS2d 67] —Judgment, Supreme Court, Bronx County (George Covington, J.), rendered February 19, 1992, convicting defendant, after a jury trial, of two counts of assault in the second degree and one count of criminal possession of a weapon in the fourth degree, and sentencing him, as a second violent felony offender, to concurrent terms of 3½ to 7 years on each assault count and 1 year on the weapon count, unanimously affirmed.

Defendant's contention that he was deprived of a fair trial by the court's castigation of defense counsel and curtailment of counsel's opening statement is without merit. Initially, it was not improper for the court to admonish counsel not to act like a "witness" (see, People v Martinez, 183 AD2d 485), since counsel's opening statement went beyond a brief outline of what it was believed would be supported by the evidence; counsel asserted that "all the facts in this case suggest that a mistake was made, that the witnesses were not accurate beyond a reasonable doubt", before any witnesses had been

produced and without indicating that any witness would even testify that a mistake had been made. As the Assistant District Attorney properly argued: "[T]here has been no evidence whatsoever to support his statement to the jury that there was a mistaken identification in this case and his saying that to the jury *at this juncture of the trial* is wholly inappropriate" (emphasis added).

Moreover, defendant's contention that the court excessively interfered with counsel's opening statement is not supported by the record. The court did not admonish counsel until after he had repeatedly returned to comments about evidence of a mistaken identification, the objections to which had been sustained. "Thus, the exchanges between the court and defense counsel were a product of defense counsel's tactics, and it cannot be concluded that defendant was deprived of a fair trial." *(People v Cummings,* 162 AD2d 142, 144, *lv denied* 76 NY2d 985.)

We have considered defendant's remaining contentions and find them to be without merit. Concur—Ellerin, J. P., Ross, Williams and Tom, JJ.