■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CIAVARDINI, Appellant. [634 NYS2d 506] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Colabella, J.), rendered May 27, 1994, convicting him of driving while intoxicated, aggravated unlicensed operation of a motor vehicle in the first degree, and violations of Vehicle and Traffic Law §§ 306, 375, 1102, and 1229-c (3), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant has not preserved for appellate review his contention that certain comments made by the trial court during defense counsel's summation indicated its bias, thus constituting reversible error *(see, People v Broom,* 200 AD2d 515, 516; *People v Rivera,* 176 AD2d 449, 450; *People v Udzinski,* 146 AD2d 245, 250; *People v Palmer,* 143 AD2d 469, 470). In any event, this contention is without merit. The trial court's

professional familiarity with and respect for a witness and the court's comment as to his expertise were not inherently prejudicial to the defendant (*see, People v Zavaro,* 138 AD2d 430; *see also generally, People v Moreno,* 70 NY2d 403; *People v Dazi,* 195 AD2d 571; *People v Jones,* 143 AD2d 465). Also, under the circumstances of this case and in light of the overwhelming evidence of guilt, any error by the court by its comments was harmless (*see, People v Crimmins,* 36 NY2d 230). Balletta, J. P., Ritter, Copertino and Pizzuto, JJ., concur.