■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT AHL, Appellant. [663 NYS2d 907] —Spain, J. Appeal from a judgment of the County Court of Schenectady County (Reilly, Jr., J.), rendered December 12, 1994, convicting defendant following a nonjury trial of the crimes of attempted murder in the second degree and assault in the first degree (two counts).

The testimony in this case established that in July 1993 de-

fendant went to his estranged wife's workplace in the Town of Rotterdam, Schenectady County, and repeatedly stabbed her causing severe wounds; the attack was allegedly prompted by the wife's refusal to resume living with defendant. Defendant was indicted for attempted murder in the second degree and three counts of assault in the first degree. Thereafter, he waived his right to a jury trial; at his nonjury trial he admitted to wounding his wife; however, he raised a defense of extreme emotional disturbance. Subsequently, he was found guilty of attempted murder in the second degree and two counts of assault in the first degree and was sentenced to $7^1/_2$ to $22^1/_2$ years of incarceration on the attempted murder conviction and 5 to 15 years on each of the assault convictions, each sentence to run concurrently. Defendant appeals.

We affirm. Initially, we reject defendant's contention that his waiver of his right to a trial by jury was inadequate. The record reveals that a hearing was scheduled at defendant's request to address a waiver of his right to a jury trial and seeking County Court's approval of said waiver (*see*, CPL 320.10 [2]). At that hearing, defendant indicated under oath that he was aware of his right to a jury trial and the consequences of his waiver of such right; that his decision was totally voluntary; that he had discussed his decision with his attorney and with his daughter; that he was conscious of what he was doing; and that he had not had anything to eat or drink nor taken any medication or any other substance which would affect his ability to think. A written waiver was thereafter executed by defendant in open court and accepted by the court. The record does not reveal that defendant ever sought to withdraw his waiver or that his waiver was imprudently accepted by the court (*see*, CPL 470.05 [2]; *People v Magnano*, 158 AD2d 979, *affd on mem below* 77 NY2d 941, *cert denied* 502 US 864). In our view, the record adequately demonstrates that defendant's waiver was knowingly, intelligently and voluntarily made (*see*, *People v Miller*, 217 AD2d 810, 811, *lv denied* 86 NY2d 798; *People v Mettler*, 147 AD2d 849, 851, *lv denied* 74 NY2d 666).

We also reject defendant's contention that he was denied his right to the effective assistance of counsel; notably, our review of the issue of ineffective assistance of counsel is limited to the record before us. Defendant asserts that his counsel improperly failed to call psychiatric experts to refute the prosecution's rebuttal expert psychiatric witness on the issue of extreme emotional disturbance and that his counsel failed to seek suppression of defendant's statements to police made while he was in a highly emotional state. In our view, the record does not

support defendant's speculative assertions that such strategy was inappropriate. It is significant that the People had exceptionally strong proof which was more than sufficient to establish their case. Defendant raised the affirmative defense of extreme emotional disturbance, applicable to the most serious charge of attempted murder (*see*, Penal Law §§ 110.00, 125.25 [1] [a]), a defense which would tend to negate the element of intent. While there was some evidence in support of this defense, the circumstances surrounding the attack made it difficult to prove. It is from this perspective and defense counsel's limited options that his alleged failures must be examined (*see*, *People v Welch*, 108 AD2d 1020, 1021).

To prevail on appeal, defendant must have established from the record the absence of strategic or other legitimate explanations for counsel's alleged failures (*see*, *People v Garcia*, 75 NY2d 973, 974). Here, defendant does not establish a lack of explanation; he merely attempts to establish colorable claims, the validity of which are not demonstrated in the record. Defendant makes no attempt to discount or address any number of legitimate explanations for the course taken by his counsel; for example, using selected pieces of his medical records, defendant implies that the mere existence of various medical and psychiatric professionals who had treated defendant after the attack necessarily supports an inference that experts were available to assist and support the defense of extreme emotional disturbance. The various medical records offered at the trial involve treatments rendered after the incident and indicate that defendant suffered depression, suffered a single severe episode of major depression, had a long history of alcohol abuse, had schizoid personality traits, expressed suicidal thoughts (without a prior history of same) and had an adjustment disorder. The record does not discuss these postincident reports in terms of a defense or in terms of their effect, if any, on defendant's mind or his intent at the time of the attack. Defendant's speculation as to what various professionals might have testified to and how such possible testimony related to his affirmative defense is without any basis in the record and provides no basis to conclude that defendant had less than competent legal counsel.

Defendant also questions his counsel's decision not to challenge the voluntariness of his statements to the police. The record reveals that defense counsel made a conscious decision not to challenge the voluntariness of defendant's statements to police and agreed that defendant was duly warned of his constitutional rights. In our view, this was not an oversight;

defense counsel affirmatively used the statements as part of the defense strategy to attempt to establish defendant's extreme emotional disturbance and lack of intent without the use of expert testimony (*see, People v Moye*, 66 NY2d 887, 889-890; *People v Hartsock*, 189 AD2d 991, 992; *People v Wagner*, 178 AD2d 679, 680-681). The intended and affirmative use of defendant's statements to police provided a sound basis for not challenging the admissibility of the statements (*see, People v Garcia*, 75 NY2d 973, 974, *supra*). We conclude that defendant has established neither a deficiency in his counsel's performance nor a resultant prejudice (*see, People v Ford*, 86 NY2d 397, 405). Rather, he applies a limited retrospective analysis of what, in our view, were merely losing tactics (*see, People v Baldi*, 54 NY2d 137, 146).

Crew III, J. P., White, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.