■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC GLISSON, Appellant. [689 NYS2d 38] —Judgment, Supreme Court, Bronx County (Robert Straus, J.), rendered October 28, 1997, convicting defendant, after a jury trial, of two counts of murder in the second degree, and sentencing him to concurrent terms of 25 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis in the record to disturb the jury's determinations of credibility.

Defendant's suppression motion was properly denied. The record supports the court's credibility determination that defendant was not arrested in his home. Furthermore, the evidence established that defendant's oral statement made to the police at the precinct was not in response to any form of police questioning (*see, People v Gonzales*, 75 NY2d 938, 940, *cert denied* 498 US 833).

The court properly curtailed those portions of defense counsel's opening statement that constituted argument more appropriate in closing, and thus went beyond the acceptable brief outline of what was believed would be supported by the evidence (*People v Valentin*, 211 AD2d 509, *lv denied* 85 NY2d 944).

Defendant's claims that the court unduly limited cross-examination of the eyewitness regarding her acknowledged bias against defendant, and thereby violated his right to confrontation, are not preserved (*People v Lyons*, 81 NY2d 753; *People v George*, 67 NY2d 817), and we decline to review them in the interest of justice. Were we to review these claims, we would find that the court accorded ample scope of cross-examination on this subject.

The court appropriately exercised its discretion in denying defendant's application for a mistrial based upon brief testimony that might have suggested uncharged crimes. The court's immediate curative action in striking the testimony and instructing the jury that it had nothing to do with the instant case sufficed to cure any possible prejudice to defendant (*see, People v Young*, 48 NY2d 995).

The statement of a nontestifying codefendant was properly

admitted with appropriate limiting instructions because it did not incriminate defendant on its face (*see, Richardson v Marsh,* 481 US 200, 208). Moreover, the statement was necessary to explain defendant's own statement.

We have considered and rejected defendant's remaining claims. Concur—Nardelli, J. P., Tom, Lerner and Mazzarelli, JJ.