■ The People of the State of New York, Respondent, v Jason Franklin, Appellant. [733 NYS2d 283] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Sheridan, J.), rendered April 22, 1999 in Rensselaer County, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the fourth degree and resisting arrest.

Defendant was indicted for criminal possession of a controlled substance in the fourth degree and resisting arrest. The crimes stemmed from an incident which occurred during the early morning hours of August 2, 1998 in the City of Troy, Rensselaer County. Evidence from the *Huntley* hearing and/or the trial established that, at approximately 3:30 A.M., a crowd of people gathered in the vicinity of Congress and Fourth Streets as local taverns closed. At that time, Troy Police Officer Richard Schoonmaker directed a driver in a line of several double-parked vehicles on Fourth Street, a one-way street, to move. Schoonmaker then came upon an unoccupied vehicle; defendant approached, indicating that he would move it. As he

got into the vehicle and put it in drive, however, Schoonmaker told him to step out, believing there was an outstanding warrant for his arrest. Defendant became argumentative, stating that he "wasn't going for this" and, as he emerged from the vehicle, he punched Schoonmaker in the face while attempting to get away. Schoonmaker grabbed defendant, a struggle ensued, and Troy Police Sergeant Gary Gordon helped Schoonmaker put defendant on the ground and into handcuffs. During the four to five-minute struggle, Schoonmaker observed defendant remove a white rock-like substance from his pants pocket and both police officers observed defendant throw the item a short distance away. The item was retrieved and secured by another police officer. Thereafter, defendant was transported to the police station and held in the booking area.

After Schoonmaker received some medical attention at the station, he began the booking process. Defendant asked what he was being charged with and Schoonmaker indicated assault in addition to the fact that there was an outstanding warrant for his arrest. Meanwhile, Gordon completed a field test of the recovered substance and reported to Schoonmaker that it tested positive for cocaine and weighed 9½ grams. Schoonmaker informed defendant that he was also being charged with criminal possession of a controlled substance with intent to sell and criminal possession of a controlled substance weighing more than one eighth of an ounce, in that he had 9½ *ounces*, "felony weight." Defendant then stated, "What do you mean 9½ ounces? You mean 9½ grams."

Defendant sought suppression of the above statement and the physical evidence, contending that the statement was involuntarily obtained and the physical evidence was the product of an illegal arrest. Supreme Court denied both requests and, following the trial, defendant was convicted of both charges. Defendant was sentenced, as a second felony offender, to a prison term of 6 to 12 years on the conviction for criminal possession of a controlled substance in the fourth degree and to a concurrent one-year definite sentence on the conviction for resisting arrest. Defendant appeals.

Defendant contends that Supreme Court erred by denying his motion to suppress his oral statement. Supreme Court correctly noted that since defendant was concededly in custody and not given *Miranda* warnings, the determinative question was whether the statement was elicited as the result of police interrogation (*see, People v Huffman*, 41 NY2d 29, 33). The operative test is whether defendant's statement "can be said to have been triggered by police conduct which should reasonably

have been anticipated to evoke a declaration from [him]" (*People v Lynes*, 49 NY2d 286, 295; *see, People v Damiano*, 209 AD2d 873, *affd* 87 NY2d 477). At the *Huntley* hearing, Schoonmaker testified that he did not administer the *Miranda* warnings because he had no intention of questioning defendant. He further testified that he was responding to defendant's repeated questioning concerning what he was being charged with when he made the misstatement concerning the weight of the alleged cocaine. Applying the above-mentioned test to the circumstances herein, we do not find that Schoonmaker's misstatement when answering defendant amounted to police interrogation. Accordingly, we find no error by Supreme Court in that regard.

Next, we address defendant's argument that Supreme Court improperly denied his motion to suppress the crack cocaine. The *Mapp* hearing testimony of a Troy City Court Judge established that a warrant on an unrelated matter was mistakenly issued and not rescinded, which warrant prompted Schoonmaker to detain defendant in the first instance. We, therefore, agree with Supreme Court that the invalidly issued warrant failed to provide probable cause for defendant's arrest (*see, People v Jennings*, 54 NY2d 518, 522-524). However, we also agree with Supreme Court that defendant's action in striking out at Schoonmaker causing him to sustain a bloody nose "was a calculated act not provoked by the unlawful police activity" (*People v Wilkerson*, 64 NY2d 749, 750) and, as such, was sufficient to attenuate the unlawful detention (*see, People v Boodle*, 47 NY2d 398, *cert denied* 444 US 969; *People v Townes*, 41 NY2d 97). At that point, Schoonmaker had probable cause to arrest defendant for assault, thereby rendering the subsequent seizure of the crack cocaine lawful.

Furthermore, we find no merit in defendant's claim that Supreme Court erred by failing to incorporate his trial testimony, which contradicted Schoonmaker's version of the events, into the *Mapp* hearing held during the trial. Although Supreme Court incorporated the trial testimony of Schoonmaker and Gordon into the hearing, we note that their trial testimony preceded the *Mapp* hearing. We further note that defendant was given the opportunity to testify in the *Mapp* hearing, but elected not to do so. Moreover, he failed to move to reopen the *Mapp* hearing following the presentation of the trial evidence (*see, People v Brooks*, 279 AD2d 429, *lv denied* 96 NY2d 860; *People v Kendrick*, 256 AD2d 420, *lv denied* 93 NY2d 900). Thus, Supreme Court was precluded from considering defendant's trial testimony in its determination of the suppres-

sion issues (*see, People v Gonzalez,* 55 NY2d 720, 721-722, *cert denied* 456 US 1010).

Defendant also contends that Supreme Court erred in denying his motions for a trial order of dismissal and to set aside the verdict because essential elements of both crimes were not proven. Regarding the charge of criminal possession of a controlled substance in the fourth degree, defendant argues that "the People failed to prove, by any acceptable source, that the weight of the controlled substance alleged to have been possessed by the defendant was one-eighth of an ounce or greater." Proof that defendant possessed an aggregate weight of one eighth of an ounce or more of cocaine is required to satisfy an essential element of the crime of criminal possession of a controlled substance in the fourth degree (*see,* Penal Law § 220.09 [1]). The record reveals that the People's forensic expert testified that the substance recovered at the scene contained the narcotic drug cocaine. The expert further indicated that the substance weighed 8.83 grams. Defendant argues that the witness's failure to convert the metric weight to the US equivalent expressed in ounces meant that there was insufficient proof of weight submitted to the jury. We again find that argument unpersuasive (*see, People v Christofora,* 43 AD2d 766, *cert denied* 419 US 867). Moreover, we agree with Supreme Court that a grams-to-ounces conversion is not, as a matter of law, beyond the combined knowledge and experience of a jury. Notably, defendant does not contend that 8.83 grams is less than the US equivalent of one eighth of an ounce. Accordingly, we find that Supreme Court properly refused to dismiss this count of the indictment.

Regarding the resisting arrest charge, defendant argues that since his arrest was unlawful, there was no "authorized arrest" to resist (Penal Law § 205.30). As noted above, while an arrest pursuant to the warrant may not have been authorized, an arrest on the charge of assault was authorized. Accordingly, we find that Supreme Court properly refused to dismiss this count of the indictment.

Defendant's next contention is that Supreme Court erred in reinstructing the jury on the "authorized arrest" element of the charge of resisting arrest when it added the following to the original charge: "[A]n arrest is authorized when it is made upon a facially valid arrest warrant or if it is made by a police officer who has a reasonable cause to believe that a defendant has committed an offense in his presence. A facially valid arrest warrant issued by a Court with proper jurisdiction is not rendered invalid or does not render an arrest invalid pursuant

to an unauthorized arrest through some mistake or error that warrant is not canceled or rescinded." We agree with defendant that the second sentence in the above excerpt is incorrect. The Court of Appeals has indicated that if an arrest warrant does not provide justification for an arrest at the time of its execution, it is violative of protected Fourth Amendment interests regardless of whether it appears valid (*see, People v Jennings*, 54 NY2d 518, 522-523, *supra*). However, Supreme Court alternatively charged the jury that it might find defendant's arrest authorized "if it is made by a police officer who has a reasonable cause to believe that a defendant has committed an offense in his presence." Schoonmaker testified that at the station, he initially informed defendant that he was under arrest for assaulting him. The record evidence amply supports the existence of probable cause for defendant's arrest on that charge and, therefore, the key element of resisting arrest, an "authorized arrest," was satisfied. Accordingly, the jury was not required to rely upon the invalidated warrant as a basis for defendant's arrest. Under the circumstances, we find the reinstruction to be nonconstitutional harmless error since there was no significant probability that the jury would have acquitted defendant on the charge of resisting arrest in light of the overwhelming evidence of his guilt (*see, People v Peacock*, 68 NY2d 675, 676-677; *People v Crimmins*, 36 NY2d 230, 241-242).

We turn next to defendant's claim that he was deprived of the effective assistance of counsel. He bases that argument on defense counsel's failure to object to allegedly improper comments made by the prosecutor during summation and his failure to have defendant testify during the *Mapp* hearing. The standard in New York for reviewing a claim of ineffective assistance of counsel is "whether the defendant was afforded 'meaningful representation'" (*People v Henry*, 95 NY2d 563, 565, quoting *People v Benevento*, 91 NY2d 708, 712). Defendant contends that the prosecutor's repeated use of the pronoun "I" constituted an impermissible expression of personal belief or opinion as to defendant's guilt. Such usage was merely stylistic and did not, in our view, constitute an impermissible expression of belief or opinion.

Furthermore, defendant's challenge of defense counsel's decision not to call defendant as a witness during the *Mapp* hearing, without proof establishing the absence of a strategic or other legitimate explanation for the claimed error, is insufficient to demonstrate ineffective assistance of counsel (*see, People v Garcia*, 75 NY2d 973, 974; *People v Ahl*, 243 AD2d

985, 987, *lv denied* 91 NY2d 868). On the record before us, we conclude that defendant received meaningful representation. Defense counsel made motions to suppress evidence and dismiss the indictment, "delivered cogent opening and closing arguments * * *, pursued a plausible defense strategy, conducted effective * * * cross-examination [of adverse witnesses], and made appropriate objections" (*People v Crandall*, 285 AD2d 742, 743). Therefore, we find no merit to defendant's claim of ineffective representation.

Defendant also argues that his sentence was excessive. He indicates that Supreme Court improperly considered his failure to plead guilty in determining the sentence. While the record discloses that the court referred to the fact that defendant refused several plea offers, it expressly disavowed penalizing him for doing so and appears, instead, to have primarily relied on defendant's criminal history, an appropriate sentencing factor. Accordingly, we cannot say that retaliation or vindictiveness for exercising the right to trial played a role in defendant's sentencing (*compare, People v Cox*, 122 AD2d 487).

Additionally, we have noted that " '[t]he imposition of the sentence rests within the sound discretion of the trial court, and we should not interfere unless there has been a clear abuse of discretion or extraordinary circumstances' " (*People v Simon*, 180 AD2d 866, 866, *lv denied* 80 NY2d 838, quoting *People v Harris*, 57 AD2d 663, 663). Given defendant's criminal history, which includes two felony drug convictions, and the fact that his sentence was within the applicable statutory parameters for the particular crimes (*see*, Penal Law § 70.06 [2], [3] [c]; [4] [b]; § 70.15 [1]), we find no abuse of discretion by Supreme Court. Moreover, we find no extraordinary circumstances warranting modification in the interest of justice (*see*, CPL 470.15 [6] [b]) nor do we find the sentence disproportionate to the offenses.

We have considered defendant's remaining contentions and find that they are either unpreserved or lack merit.

Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.