■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARION FRAZIER, Appellant. [738 NYS2d 16] —Judgment, Supreme Court, Bronx County (Steven Barrett, J.), rendered July 14, 1997, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The court properly refused to submit manslaughter in the first degree as a lesser included offense of second-degree murder since there was no reasonable view of the evidence, viewed most favorably to defendant, that he merely intended to inflict serious physical injury but not to cause death. Defendant, without provocation and while possessing a motive to kill the victim, squeezed the trigger of a revolver four times at close range, thereby discharging two shots that fatally wounded the victim in the chest and torso, and the second shot was fired after the victim had already begun to fall to the ground (*see, People v Evans*, 192 AD2d 671, *lv denied* 82 NY2d 753).

The court's *Sandoval* ruling, which permitted elicitation of the fact that defendant had previously been convicted of first-degree manslaughter, while precluding any underlying facts, balanced the appropriate factors and was a proper exercise of discretion (*see, People v Walker*, 83 NY2d 455, 458-459; *People v Mattiace*, 77 NY2d 269, 275-276; *People v Pavao*, 59 NY2d 282, 292).

The People's opening statement, which included a reading of the indictment, delineated the particular offense with which defendant was charged, including the elements which had to

be proven, and provided sufficient factual details so that the jury could "intelligently understand the nature of the case they ha[d] been chosen to decide" (*People v Kurtz*, 51 NY2d 380, 384, *cert denied* 451 US 911).

The court imposed reasonable restrictions on defense counsel's opening statement. The court was entitled to control the content of a defense opening that went beyond a brief outline of what it believed would be supported by the evidence (*see, People v Valentin*, 211 AD2d 509, *lv denied* 85 NY2d 944). In any event, the defense was afforded wide latitude in describing credibility problems of potential prosecution witnesses, and the only restriction imposed by the court was a reasonable preclusion of the naming of specific prosecution witnesses, where there was a serious question as to which witnesses would actually testify and where references to ultimately uncalled witnesses might mislead the jury.

We perceive no basis for a reduction of sentence. Concur—Mazzarelli, J.P., Saxe, Sullivan, Wallach and Friedman, JJ.