(October 24, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN O. ALSTON, Also Known as BABY JOHN, Appellant. [749 NYS2d 111] —Peters, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered March 4, 1998, upon a verdict convicting defendant of the crime of murder in the second degree.

In April 1997, defendant was indicted on two counts of murder in the second degree, one count of attempted murder in the second degree and one count of reckless endangerment in the first degree. The charges arose out of the April 20, 1997 shooting death of Tyrone Germany on Orange Street in the City of Albany.

Difficulties arose between defendant and Germany when defendant observed his girlfriend, Latonya Norwood, and Germany together in a car. The following day, while driving with his friend Shorty, defendant saw Germany and his cousin on the street. Defendant claimed that Germany reached into his car to provoke a fight, but testimonial evidence supported the People's assertion that defendant was the instigator. Ultimately, defendant got out of his car and a fight ensued, during which defendant was thrown to the ground and beaten by Germany. When both men got up and the fight appeared to be over, Shorty appeared from among the crowd of people gathered, lifted his shirt and showed defendant a gun. Defendant grabbed the gun and said "now I have something," thereafter shooting at Germany while he attempted to flee. Defendant shot Germany five times in the back, fired into the crowd and then jumped into his car and drove away. He was later ar-

rested in New York City by members of the Albany Police Department.

A trial ensued in January 1998; four eyewitnesses to the shooting testified for the People, while defendant testified on his own behalf. Although defendant had earlier told the police that Germany had menaced him with a razor, he retracted that claim at trial and contended that he acted under the influence of extreme emotional disturbance brought on by jealousy. The jury rejected this defense and found him guilty of murder in the second degree. Sentenced to an indeterminate prison term of 25 years to life, defendant appeals.

Defendant contends that County Court's refusal to submit the lesser included offense of manslaughter in the first degree was reversible error. We disagree. Entitlement to a lesser included offense charge is grounded upon a showing that (1) "it is impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct [and (2) that] * * * a reasonable view of the evidence * * * support[s] a finding that the defendant committed the lesser offense but not the greater" (*People v Van Norstrand*, 85 NY2d 131, 135). With the first prong of the test clearly satisfied here, the second prong becomes determinative. Despite counsel's heroic efforts, no reasonable view of the evidence can support the proposition that defendant shot Germany with the intent to cause serious physical injury but not death. Defendant's shooting of Germany five times in the back "presented such a transcendent risk of causing his death that it readily meets the level of manifested depravity needed to establish murder under Penal Law § 125.25 (2)" (*People v Sanchez*, 98 NY2d 373, 378). Although defendant testified that he could not remember what he was thinking at the time of the shooting, he neither denied that he had formulated an intent to kill nor claimed that he meant only to injure. Rather, he asserted that he "just snapped." Upon the evidence presented, we find no error in County Court's refusal to charge the lesser included offense (*see People v Frazier*, 291 AD2d 211, 211, *lv denied* 98 NY2d 675; *People v Evans*, 192 AD2d 671, 672, *lv denied* 82 NY2d 753).

Defendant's ineffective assistance of counsel claim, premised upon counsel's failure to call a psychiatric expert to support the extreme emotional disturbance defense, is similarly unavailing. "[V]iewed in totality and as of the time of the representation" (*People v Baldi*, 54 NY2d 137, 147), if the evidence, the law and circumstances of the case manifest meaningful representation by counsel, the constitutional

requirement is met; it is for defendant to show the absence of a strategic or other legitimate explanation for counsel's alleged shortcomings (*see People v Benevento*, 91 NY2d 708, 712). Here, it is arguable that, based upon the evidence, counsel's failure to call a psychiatric expert was a strategic decision since such testimony is not required to prove this affirmative defense (*see People v Moye*, 66 NY2d 887, 890). With no viable challenge to the quality of representation, we find no error (*see People v Ahl*, 243 AD2d 985, 986, *lv denied* 91 NY2d 868).

Nor do we agree that a mistrial was warranted due to the People's misstatement of the law concerning the defense of extreme emotional disturbance and County Court's refusal to issue a curative instruction. While not a model of clarity, the People's statement of the law did not constitute conduct "so egregious as to deny defendant [his] constitutional right to a fair trial" (*People v LaForge*, 107 AD2d 896, 897), particularly since County Court instructed the jury that it must accept the law as given to it by the court (*see People v Smith*, 246 AD2d 852, 852, *lv denied* 91 NY2d 977). Since the court's instruction to the jury clearly explained the showing required to support a defense based upon extreme emotional disturbance, a curative instruction became unnecessary.

As to defendant's remaining assertions centered on the People's cross-examination of him and the prosecutor's remarks made on summation characterizing his defense as "bogus," we find that, while these alleged errors were not preserved for our review (*see People v Nuccie*, 57 NY2d 818, 819), were we to address them, we would not disturb the determination rendered; such remedy "is properly shunned when the misconduct has not substantially prejudiced a defendant's trial" (*People v Galloway*, 54 NY2d 396, 401). Having further considered and rejected, as without merit, defendant's *Batson* challenge (*see Batson v Kentucky*, 476 US 79), we next address the issue of sentencing.

Despite defendant's continued assertion that he did not commit a premeditated murder and that mitigating circumstances were presented by his unstable upbringing and first "violent contact" with the criminal justice system, we find County Court's sentence to fall within permissible statutory ranges. Failing to find an abuse of discretion or extraordinary circumstances warranting a modification thereof, we decline to disturb it (*see People v Mitchell*, 289 AD2d 776, 780, *lv denied* 98 NY2d 653).

Mercure, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.