■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS DeLUCIA, Appellant. [754 NYS2d 637] —Judgment, Supreme Court, New York County (James Yates, J.), rendered June 27, 2000, convicting defendant, after a jury trial, of murder in the second degree, criminal possession of a weapon in the second degree and reckless endangerment in the first degree, and sentencing him to concurrent terms of 25 years to life, 15 years and 3½ to 7 years, respectively, unanimously affirmed.

The court's modification of its *Molineux* ruling was proper. During his direct testimony, defendant opened the door to evidence about the reason that the victim owed him money when he testified that the debt had an innocuous origin. Accordingly, it was proper to permit the prosecution to establish that the debt resulted from the sale of marijuana, notwithstanding that the court had previously precluded such evidence (*see People v Fardan*, 82 NY2d 638; *People v Baez*, 290 AD2d 372, *lv denied* 98 NY2d 635; *People v Schwerbel*, 224 AD2d 830, 831). At the time of the preclusion, and frequently thereafter, the court warned of the danger of opening the door to such evidence.

The trial court properly refused to submit manslaughter in the first degree as a lesser included offense of second-degree murder since there was no reasonable view of the evidence, viewed most favorably to defendant, that he merely intended to inflict serious physical injury but not to cause death (*see People v Frazier*, 291 AD2d 211, *lv denied* 98 NY2d 675). Defendant shot the victim in the head from a distance of a few feet after having issued prior threats. Furthermore, defendant told an eyewitness to the shooting that the victim was dead and that the witness was going to be next. Concur—Saxe, J.P., Buckley, Rosenberger, Lerner and Gonzalez, JJ.

■ LEE ROSENBLOOM et al., Individually, as Shareholders and in the Right of LUBA ORGANIZATION, INC., Respondents-