■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS PICHARDO, Appellant. [825 NYS2d 603]—

Appeal from a judgment of the Supreme Court, Monroe County (Dennis M. Kehoe, A.J.), rendered June 27, 2003. The judgment convicted defendant, upon a jury verdict, of criminal

possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). Contrary to the contention of defendant, the evidence is legally sufficient to support the conviction in this circumstantial evidence case (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). "It is well settled that, even in circumstantial evidence cases, the standard for appellate review of legal sufficiency issues is 'whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the [factfinder] on the basis of the evidence at trial, viewed in the light most favorable to the People' " (*People v Hines*, 97 NY2d 56, 62 [2001], *rearg denied* 97 NY2d 678 [2001], quoting *People v Williams*, 84 NY2d 925, 926 [1994]; *see Bleakley*, 69 NY2d at 495). Where, as here, there is no evidence that defendant actually possessed the controlled substance, the People must establish that defendant "exercised 'dominion or control' over the property by a sufficient level of control over the area in which the contraband is found or over the person from whom the contraband is seized" (*People v Manini*, 79 NY2d 561, 573 [1992]; *see* Penal Law § 10.00 [8]; *People v Gautreaux-Perez*, 31 AD3d 1209 [2006]). We conclude that there is a valid line of reasoning and permissible inferences to support the jury's conclusion that defendant had constructive possession of cocaine found in the trunk of a vehicle that was located in the garage attached to defendant's residence. Also contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Reversal is required, however, because Supreme Court failed to give a limiting instruction with respect to the statement of a nontestifying codefendant (*see generally Bruton v United States*, 391 US 123 [1968]). Even assuming, arguendo, that the statement was admissible, we note that, as the Supreme Court has written, "the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession *with a proper limiting instruction* when . . . the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence" (*Richardson v Marsh*, 481 US 200, 211

[1987] [emphasis added]; *see People v Glisson*, 260 AD2d 245, 245-246 [1999], *lv denied* 93 NY2d 924, 1002 [1999]; *People v Chalk*, 199 AD2d 813, 814 [1993]; *People v Davis*, 199 AD2d 61 [1993], *lv denied* 83 NY2d 804 [1994], *cert denied* 513 US 863 [1994]). Although defendant did not request a limiting instruction, we conclude under the circumstances of this case that the failure to give such an instruction is a fundamental error that warrants reversal and a new trial (*see People v Geoghegan*, 68 AD2d 279, 284 [1979], *affd* 51 NY2d 45 [1980]; *see also People v Peller*, 291 NY 438, 446-448 [1943]).

Based on our determination, we see no need to address defendant's remaining contentions. Present—Hurlbutt, A.P.J., Martoche, Centra and Pine, JJ.