█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTTO MULLER, Appellant. [869 NYS2d 270]—

Rose, J.

During a confrontation concerning various disputes between defendant and his employer, defendant grabbed a shotgun from his truck and fired it, injuring the employer. At defendant's

ensuing trial on charges of attempted murder in the second degree and assault in the second degree, he testified that the gun had fired accidentally, and that he had taken approximately 16 prescription pills that day, his head was "ready to explode," he was "numb" and "dizzy," and the hot weather had interacted badly with his medication. The defense offered no evidence, however, as to the exact type or dosage of the medication, and no medical expert testified on defendant's behalf. County Court denied defendant's request for a jury instruction regarding the statutory defense of intoxication (*see* Penal Law § 15.25), and the jury found him guilty as charged. He was then sentenced to two concurrent prison terms of five years and an aggregate term of five years of postrelease supervision.

Defendant now appeals, arguing that he was deprived of the effective assistance of counsel because his trial counsel should have called an expert to establish the type, dosage and effects of the medications that he had taken before he assaulted the victim. We are unpersuaded. It is well settled that the failure to call a particular witness does not necessarily amount to ineffective assistance of counsel (*see People v Hobot*, 84 NY2d 1021, 1024 [1995]; *People v McCrone*, 12 AD3d 848, 850 [2004], *lv denied* 4 NY3d 800 [2005]; *People v Franklin*, 288 AD2d 751, 755-756 [2001], *lv denied* 97 NY2d 728 [2002]). This is particularly true where, as here, expert testimony was not required to prove the intoxication defense (*see People v Gaines*, 83 NY2d 925, 927 [1994]), and defendant now offers little more than speculative assertions that an expert's testimony would have supported it (*see People v Del Duco*, 247 AD2d 487, 488 [1998], *lv denied* 92 NY2d 850 [1998]; *People v Ahl*, 243 AD2d 985, 987 [1997], *lv denied* 91 NY2d 868 [1997]; *People v Skinner*, 224 AD2d 916, 916 [1996]). Defendant still has not sought to identify the types of medication he was taking or cited any evidence that what he experienced were recognized effects of such medication. In addition, since he testified that he normally took 22 pills per day and had done so for several years, it is unclear what additional evidence would have persuaded the jury that, on the day in question, he was unusually impaired after taking 16 pills. Further, defendant has not shown the absence of a strategic explanation for counsel's failure to elicit the exact description and dosage of defendant's medications on his direct examination (*see People v Garcia*, 75 NY2d 973, 974 [1990]; *People v Alston*, 298 AD2d 702, 703-704 [2002], *lv denied* 99 NY2d 554 [2002]; *People v Ahl*, 243 AD2d at 987; *see generally People v Rivera*, 71 NY2d 705, 709 [1988]). Depending on the type of medications and the jury's familiarity with them, eliciting further details about them could have belied the claim of intoxica-

tion and, at the least, would have given the People the opportunity to present expert testimony to the contrary.

In any event, even if counsel's failure to call an expert were a deficiency, it would be an isolated error that did not undermine the otherwise thorough representation of defendant (*see People v Ross*, 43 AD3d 567, 570 [2007], *lv denied* 9 NY3d 964 [2007]; *People v Singh*, 16 AD3d 974, 978 [2005], *lv denied* 5 NY3d 769 [2005]; *People v McCrone*, 12 AD3d at 850). Counsel made appropriate motions, secured defendant's pretrial release and articulated a cogent theory of the case. Most significantly, defendant's counsel persuaded County Court to impose the minimum sentence, a result which the court expressly attributed to counsel's passionate advocacy. Thus, while unsuccessful in obtaining an acquittal, counsel's performance cannot be characterized as anything less than meaningful (*see People v Satterfield*, 66 NY2d 796, 798-800 [1985]; *People v Franklin*, 288 AD2d at 756; *People v Ahl*, 243 AD2d at 986-988).

Mercure, J.P., Spain, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed.