Lynch, J.
(dissenting). I respectfully dissent because, in my view, there is not a reasonable view of the evidence to sustain a finding that defendant intended to cause serious physical injury to the victim rather than to kill him (see CPL 300.50 [1]; People v Martin, 59 NY2d 704, 705 [1983]; People v Glover, 57 NY2d 61, 63 [1982]). “[T]he element of intent . . . may be inferred from a defendant’s conduct and the surrounding circumstances, as well as from the act itself” (People v Callicut, 101 AD3d 1256, 1258 [2012], lv denied 20 NY3d 1096 [2013] [internal quotation marks and citations omitted]; see People v Kenyon, 108 AD3d 933, 937-938 [2013], lv denied 21 NY3d 1075 [2013]). While defendant maintains that the shooting was accidental and he never intended to shoot the victim, he asserts that it is not possible to intentionally fire a weapon into a person’s forehead from point blank range with only the intent to seriously injure but not kill. Here, in addition to the deteriorating relationship between the victim and defendant and the escalating verbal exchange preceding the event, the evidence shows that, during the brief encounter between the victim and defendant at the top of the stairway, the victim was shot in the forehead from a range of only a few inches. As such, I perceive no reasonable view of the evidence to support a finding that defendant intended only to cause serious physical injury (see e.g. People v Hendrie, 24 AD3d 871, 873-874 [2005], lv denied 6 NY3d 776 [2006]; People v Moreno, 16 AD3d 438, 438 [2005], lv denied 5 NY3d 766 [2005]; People v Maldonado, 5 AD3d 505, 506 [2004], lv denied 3 NY3d 643 [2004]; People v Kelly, 221 AD2d 661, 662 [1995], lv denied 87 NY2d 974 [1996], cert denied 517 US 1200 [1996]; People v DeLucia, 302 AD2d 280, 280 [2003], lv denied 100 NY2d 561 [2003]). It follows that Supreme Court erred by including a charge of manslaughter in *1103 the first degree as a lesser included offense. Since defendant was acquitted of the only charge in the indictment, the indictment should be dismissed, without prejudice to the People to re-present any appropriate charges to another grand jury (see CPL 470.55 [1]; People v Munch, 92 AD3d 63, 75 [2011]; People v McAdams, 22 AD3d 885, 886 [2005]).
Ordered that the judgment is affirmed.