■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY M. RUFFULE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted, following a jury trial, of criminal possession of a forged instrument in the second degree (Penal Law § 170.25) based upon his possession

of a forged prescription for a narcotic syrup which he attempted to have filled at a pharmacy. At trial, defense counsel sought to have an expert witness testify about the effects of drug withdrawal on defendant's ability to form the requisite intent to commit the crime charged, claiming that such evidence was admissible under Penal Law § 15.25, which deals with the effect of intoxication upon liability. The court properly declined to receive such testimony.

While intent is an essential element of the crime charged, expert testimony regarding defendant's alleged inability to form the requisite intent was not necessary in this case because defendant, by his own testimony, established that he was fully aware of what he was doing on the day in question, and that it was his intent to defraud the pharmacist and obtain a narcotic syrup with a forged prescription (see, People v Morrison, 58 AD2d 699). In addition, three police officers who participated in defendant's arrest testified that defendant appeared to be normal and responded appropriately to their questions. Thus, we conclude that the trial court did not abuse its discretion in refusing to receive the expert's testimony (see, People v Cronin, 60 NY2d 430, 433; People v Miller, 116 AD2d 595).

Although we find that certain comments by the prosecutor on summation were improper (e.g., his reference to jurors as defendant's "next victims"; see, People v Calderon, 88 AD2d 604), they were not so egregious as to deny defendant a fair trial, particularly since the trial court, on more than one occasion, gave cautionary instructions (see, People v Cheek, 168 AD2d 946). (Appeal from Judgment of Oneida County Court, McLaughlin, J.—Criminal Possession Forged Instrument, 2nd Degree.) Present—Callahan, J. P., Doerr, Green, Balio and Lowery, JJ.