■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT N. HANRIGHT, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of vehicular manslaughter in the second degree (Penal Law § 125.12 [1], [2]) and failure to keep right (Vehicle and Traffic Law § 1120 [a]) for operating his motor vehicle while he was intoxicated and operating that vehicle to the left of the center of the road. His conduct resulted in a head-on collision with an approaching car, causing the death of that driver.

Defendant contends that County Court erred in refusing to allow his expert witness to testify about the position of defendant's vehicle at the point of impact. Although that witness was qualified as an expert in human-factors engineering, the court concluded that there was not a sufficient showing of experience in accident reconstruction to permit any inquiry into that subject or regarding the point of impact. We agree.

A witness' qualification to testify as an expert rests in the discretion of the trial court, and its determination will not be disturbed in the absence of serious mistake, an error of law, or abuse of discretion (Werner v Sun Oil Co., 65 NY2d 839, 840; Hileman v Schmitt's Garage, 58 AD2d 1029). Although the witness may have been qualified to testify about the effects of alcohol on defendant's driving, there is no basis in the record to find expertise to testify about the position of the vehicles at the point of impact.

We agree with defendant that the prosecutor's comment to the jury on summation that they "send a message to this community" was improper (see, People v Sanchez, 61 NY2d 1022, 1024; People v Demott, 178 AD2d 935, lv denied 79 NY2d 946; People v Ruffule, 172 AD2d 1053, 1054, lv denied 78 NY2d 973). However, under the circumstances of this case, those comments were not so egregious that they denied defendant a fair trial.

In our view, the court's additional instruction on the traffic infraction of failure to keep right did not improperly direct a verdict on the vehicular manslaughter charge. (Appeal from Judgment of Oneida County Court, Murad, J.—Vehicular Manslaughter, 2nd Degree.) Present—Callahan, J. P., Boomer, Balio, Fallon and Doerr, JJ.