# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1355**

**KA 12-01369**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                     MEMORANDUM AND ORDER

JOHN M. BLACK, DEFENDANT-APPELLANT.

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered July 10, 2012. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child (two counts), incest in the first degree (two counts) and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of predatory sexual assault against a child (Penal Law § 130.96). Defendant contends that the verdict is against the weight of the evidence because neither the victim's testimony nor defendant's admissions to the police were credible. We reject that contention. Even assuming, arguendo, that a different verdict would not have been unreasonable, we note that "the jury was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said that the jury failed to give the evidence the weight it should be accorded" (*People v Orta*, 12 AD3d 1147, 1147, *lv denied* 4 NY3d 801; *see People v McCray*, 121 AD3d 1549, 1552). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant further contends that Supreme Court erred in admitting in evidence the victim's sexual assault examination report because defendant was unable to confront the nurse examiner who prepared the report. That contention is unpreserved for our review, however, inasmuch as defendant failed to object to the report at trial (*see* CPL 470.05 [2]; *People v Snyder*, 100 AD3d 1367, 1369, *lv denied* 21 NY3d 1010), and we decline to exercise our power to review that contention

as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Contrary to the further contention of defendant, we conclude that defense counsel was not ineffective in failing to object to the report because, under the circumstances of this case, the decision not to object was consistent with a legitimate trial strategy (*see generally People v Benevento*, 91 NY3d 708, 712-713).

We agree with defendant that certain comments made by the prosecutor during summation were improper, including an impermissible "safe streets" argument (*see People v Scott*, 60 AD3d 1483, 1484*, lv denied* 12 NY3d 859; *People v Nevedo*, 202 AD2d 183, 185; *People v Hanright*, 187 AD2d 1021, 1021, *lv denied* 81 NY2d 840).  We conclude, however, that the prosecutor's comments "were not so pervasive or egregious as to deprive defendant of a fair trial" (*People v Jones*, 114 AD3d 1239, 1241, *lv denied* 23 NY3d 1038 [internal quotation marks omitted]; *see Hanright,* 187 AD2d at 1021).  Thus, contrary to the further contention of defendant, the "failure to object to those comments does not constitute ineffective assistance of counsel" (*People v Nicholson*, 118 AD3d 1423, 1425).

Finally, defendant contends that the People's expert was improperly allowed to testify that the victim made a credible complaint of sexual abuse.  We reject that contention, inasmuch as the testimony of the expert, who had never met defendant or the victim, was "general in nature and d[id] not attempt to impermissibly prove that the charged crimes occurred" (*People v Gayden*, 107 AD3d 1428, 1428, *lv denied* 22 NY3d 1138 [internal quotation marks omitted]; *see People v Williams*, 20 NY3d 579, 584; *People v Olson*, 110 AD3d 1373, 1376, *lv denied* 23 NY3d 1023).

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court