People v Gaston (2020 NY Slip Op 00905)





People v Gaston


2020 NY Slip Op 00905


Decided on February 6, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2020

Acosta, P.J., Richter, Kapnick, Mazzarelli, Moulton, JJ.


10956 5625/12

[*1] The People of the State of New York, Respondent,
v
Benjamin Gaston, Defendant-Appellant.


Christina A. Swarns, Office of The Appellate Defender, New York (Katherine M.A. Pecore of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (David P. Stromes of counsel), for respondent.



Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered September 3, 2014, as amended October 7, 2014, convicting defendant, after a jury trial, of rape in the first degree (three counts), criminal sexual act in the first degree, sex trafficking (three counts), sexual abuse in the first degree, assault in the first degree and kidnapping in the first degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 50 years to life, unanimously affirmed.
The court providently exercised its discretion in limiting evidence of the victim's use of or addiction to drugs, and the court's rulings did not violate defendant's right to present a defense (see Crane v Kentucky, 476 US 683, 689-690 [1986]). Defendant sought to call an expert psychiatrist who had not examined the victim to testify about the effects of drug use, and sought to ask related questions of the victim's treating physician, who testified for the People. Defendant asserts that expert testimony could have shown that the victim's drug use impaired her "cognition" to the point of irrationally imagining that she was being forcibly restrained and forced to engage in various sexual conduct, even to the point that when she tried to lower herself out of a sixth floor window, she was similarly imagining that she needed to escape. However, there was only limited evidence in the record of the victim's drug use during the events at issue and on a chronic basis. Furthermore, there was no evidence suggesting that the victim's cognition was impaired at all at the relevant times. The treating physician and a paramedic both observed shortly after the incident that the victim seemed alert and coherent, which was consistent with about 27 minutes of audio recordings of her four calls to 911 (see People v Ruffule, 172 AD2d 1053, 1054 [4th Dept], lv denied 78 NY2d 973 [1991] [expert testimony on defendant's drug withdrawal as bearing on fraudulent intent properly precluded, where "three police officers who participated in defendant's arrest testified that defendant appeared to be normal and responded appropriately to their questions"]). We have considered and rejected defendant's remaining arguments relating to this issue.
The court's jury charge on the causation element of first-degree assault, arising out of the injuries the victim sustained when she fell from the sixth floor window in her escape attempt, correctly stated the law (see People v Morrow, 261 AD2d 279, 280 [1st Dept 1999], lv denied 93 NY2d 1023 [1999]; see also People v Davis, 28 NY3d 294, 301 [2016]; People v DaCosta, 6 NY3d 181, 186 [2006]), and could not have caused any prejudice.
The conviction of first-degree kidnapping was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). There was ample evidence that defendant secreted the victim in places where she was "not likely to be found" (Penal Law § 135.00[2]), thereby satisfying the element of abduction (see e.g. People v Ehinger, 152 AD2d 97, 101 [1st Dept 1989], lv denied 75 NY2d 812 [1990]). Among other things, the evidence showed that, in addition to preventing the victim from escaping or calling for help, defendant took measures to prevent her from knowing her location, so she could not reveal it in the event she was able to [*2]make a call. Defendant's similar argument that the court should have charged second-degree unlawful imprisonment as a lesser included offense is unavailing, because there was no reasonable view of the evidence, viewed most favorably to defendant, that he committed the lesser offense but not the greater (see People v Grohoske, 148 AD3d 97, 104-105 [1st Dept 2017], lv denied 28 NY3d 1184 [2017]).
The court providently exercised its discretion in admitting uncharged crimes committed by defendant against a woman who participated in some of the instant crimes, whose testimony could have seemed "incredible without the background that the abuse evidence would provide" (see People v Steinberg, 170 AD2d 50, 73 [1st Dept 1991], affd 79 NY2d 673 [1992]). The uncharged crimes were also relevant to defendant's criminal intent. The court sufficiently limited the scope of this evidence, and its probative value outweighed any prejudicial effect.
The People acknowledge that some improprieties may have occurred in the testimony by a trial preparation assistant about a PowerPoint presentation. However, we find that any error involving that testimony, or the presentation itself, was harmless in light of the overwhelming evidence of guilt
(see People v Crimmins, 36 NY2d 230 [1975]). Likewise, insofar as harmless error analysis is applicable to the other rulings challenged on appeal, we find that any error was harmless.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 6, 2020
CLERK