People v Mack (2020 NY Slip Op 03032)





People v Mack


2020 NY Slip Op 03032


Decided on May 27, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 27, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2015-05087
 (Ind. No. 14-00649)

[*1]The People of the State of New York, respondent,
v
Jerome Mack, appellant.


Bruce A. Petito, Poughkeepsie, NY, for appellant, and appellant pro se.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss and William C. Ghee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Jeffrey G. Berry, J.), rendered June 1, 2015, convicting him of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree, criminal use of a firearm in the first degree, conspiracy in the fourth degree, and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
We agree with the County Court's determination denying that branch of the defendant's omnibus motion which was to suppress physical evidence. Contrary to the defendant's contention, the credible evidence at the suppression hearing established that the police had probable cause to arrest him (see People v Frederique, 137 AD3d 1161; People v Spann, 82 AD3d 1013).
The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (see People v Kolupa, 13 NY3d 786, 787; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the verdict finding him guilty of attempted murder in the second degree and acquitting him of conspiracy in the second degree is repugnant is unpreserved for appellate review (see People v Alfaro, 66 NY2d 985, 987; People v Lamb, 164 AD3d 1470, 1472) and, in any event, without merit (see People v Lamb, 164 AD3d at 1472; People v Richards, 164 AD3d 1378; People v Barnette, 150 AD3d 1136, 1137).
The County Court providently exercised its discretion in admitting evidence of the defendant's uncharged criminal behavior. "Evidence of uncharged crimes is inadmissible where its only purpose is to show bad character or propensity towards crime" (People v Arafet, 13 NY3d 460, 464-465; see People v Molineux, 168 NY 264; People v Littlejohn, 112 AD3d 67). "On the other hand, evidence relevant to prove some fact in the case, other than the defendant's criminal propensity, is not rendered inadmissible simply because it may also reveal that the defendant has committed other crimes" (People v Allweiss, 48 NY2d 40, 46-47). Here, the testimony describing the defendant's uncharged criminal behavior was relevant to establish his identity as the shooter and his motive for shooting the victim, and as background information to explain to the jury the relationship between the defendant and the victim (see People v Rivera, 116 AD3d 986). Further, the probative value of the evidence outweighed its potential for undue prejudice to the defendant (see People v Cass, 18 NY3d 553, 560).
The defendant's contention that certain remarks made by the prosecutor during summation were improper and deprived him of a fair trial is unpreserved for appellate review (see CPL 470.05[2]). In any event, the defendant's contention is without merit, as the remarks were either fair comment on the evidence, a fair response to the defense summations, or not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Joubert, 125 AD3d 686).
Contrary to the defendant's contentions in his main brief and his pro se supplemental brief, he was not deprived of the effective assistance of counsel. Viewing the record in its totality, the defendant was provided with meaningful representation (see People v Benevento, 91 NY2d 708).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit.
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court