People v Lewis (2020 NY Slip Op 07224)





People v Lewis


2020 NY Slip Op 07224


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2016-12489
 (Ind. No. 263/15)

[*1]The People of the State of New York, respondent,
v
Marcus S. Lewis, appellant.


Laurette D. Mulry, Riverhead, NY (Kirk R. Brandt of counsel), for appellant, and appellant pro se.
Timothy D. Sini, District Attorney, Riverhead, NY (Caren C. Manzello of counsel),
for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John J. Toomey, J.), rendered November 9, 2016, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with murder in the second degree arising out of a shooting that occurred in September, 2010. The trial evidence established, inter alia, that on the night of the incident, both the victim and the defendant were present in a strip club in West Babylon. According to the testimony of a witness, the victim left the club along with a friend, and they walked to an adjacent gas station convenience store. Moments after the victim left the club, the defendant left the club along with a female companion, and they entered a car that a witness identified as the defendant's vehicle, with the defendant in the driver's seat. The defendant drove to the parking lot of the gas station, and then reversed and parked on the road in front of the club. This sequence of events was also captured on a surveillance video from the gas station, which was introduced into evidence at trial.
As per eyewitness testimony and the surveillance video, the victim then approached the driver's side of the defendant's vehicle. The surveillance video next showed a flash of light and, immediately thereafter, the defendant's vehicle fled the scene, leaving the body of the victim lying nearby. The jury found the defendant guilty of murder in the second degree. We affirm.
The defendant has failed to preserve for appellate review his contention regarding the alleged insufficient CPL 710.30(1) notice that was provided by the People with regard to a spontaneous statement he made which was recorded on video (see CPL 470.05[2]; People v Davis, 118 AD3d 1264, 1266). In any event, the record establishes that a videotape which included the disputed statement was annexed to the People's timely CPL 710.30(1) notice sent to the defendant, providing him with sufficient notice of the statement (see People v Wallace, 128 AD3d 866, 866-867; People v Mais, 71 AD3d 1163, 1166).
Similarly, the County Court did not err in finding that the videotape was sufficiently audible to be admissible, and that any purported deficiencies in the audibility of portions of the tape went to the weight of that evidence (see People v Perez, 165 AD3d 1294, 1295; People v McCaw, 137 AD3d 813, 815). In addition, the court appropriately instructed the jurors that it was their interpretation of what was said on the videotape that controlled.
Contrary to the defendant's contention, the County Court properly admitted at trial certain evidence of alleged "prior bad acts" by the defendant. Evidence of uncharged crimes is inadmissible when it is proffered solely to establish an accused's propensity to commit a crime (see People v Agina, 18 NY3d 600, 603; People v Arafet, 13 NY3d 460, 464-465; People v Alvino, 71 NY2d 233, 241). However, such evidence may be received to establish an element of the charged crime, or because it is relevant to some other material issue in the case (see People v Dorm, 12 NY3d 16, 19; People v Alvino, 71 NY2d at 241; People v Lewis, 69 NY2d 321, 325). Evidence of prior uncharged crimes may also be used, among other purposes, to "provide[ ] necessary background information on the nature of [a] relationship and [to] place[ ] the charged conduct in context" (People v Dorm, 12 NY3d at 19; see People v Leonard, 29 NY3d 1, 7). If the proffered evidence is probative of a relevant issue, the court must then engage in a discretionary balancing of its probative value and the need for the evidence against the potential for prejudice to the defendant (see People v Morris, 21 NY3d 588, 595; People v Dorm, 12 NY3d at 19; People v Alvino, 71 NY2d at 242; People v Ventimiglia, 52 NY2d 350, 359).
Here, the proffered "prior bad acts" evidence was probative of the relationship between the defendant and a testifying witness, explained the reluctance of the witness to report the defendant's crime to the police, and served to complete the narrative of events. Furthermore, any prejudice was outweighed by the probative value of this evidence. Under these circumstances, the County Court did not improvidently exercise its discretion either in admitting the evidence (see People v Nieves, 186 AD3d 1260; People v Mack, 183 AD3d 916, 917; People v Gaston, 180 AD3d 429, 431; People v Tebout, 179 AD3d 1099, 1101), or in allowing additional testimony that was relevant to, inter alia, explaining the relationship between the defendant and the witness (see People v Gaston, 180 AD3d at 431; People v Williams, 282 AD2d 297).
Contrary to the defendant's contention, the County Court did not improvidently exercise its discretion in denying his application to recall a prosecution witness to testify on the defense case. As the court determined, the defendant received a full and fair opportunity to cross-examine that witness, and the proposed line of questioning merely involved collateral matters (see People v Turner, 145 AD3d 745, 746; People v Seabrook, 76 AD3d 606, 607).
The defendant has failed to preserve for appellate review his challenge to the legal sufficiency of the evidence (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484). In any event, the evidence, when viewed in the light most favorable to the People, was sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Contes, 60 NY2d 620, 621), and the testimony of the People's witnesses was not incredible as a matter of law (see People v Bentley, 186 AD3d 844; People v Carmona, 185 AD3d 600, 601-602). In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's claim that he was denied the effective assistance of counsel is unavailing, as the record as a whole demonstrates that he received meaningful representation (see People v Caban, 5 NY3d 143, 152; People v Benevento, 91 NY2d 708).
The defendant has failed to preserve for appellate review his contention that the prosecutor committed prejudicial misconduct in his summation remarks (see CPL 470.05[2]; People v Nunez-Garcia, 178 AD3d 1087, 1089; People v Morris, 157 AD3d 827, 828). In any event, the remarks generally constituted fair comment on the evidence and were responsive to the defense [*2]summation (see People v Beaupre, 170 AD3d 1031, 1033; People v Morrow, 143 AD3d 919, 921), and to the extent that any comments may have been improper, they were not so egregious as to have deprived the defendant of a fair trial (see People v Wilson, 163 AD3d 881, 882; People v Coleman, 148 AD3d 717, 718).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court