■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM GRANT, Appellant. [679 NYS2d 333] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered May 2, 1995, convicting him of murder in the second degree, robbery in the first degree (three counts), assault in the first degree, assault in the second degree, criminal possession of a weapon in the second degree (three counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant argues that the evidence adduced at trial was legally insufficient to support his conviction on the charge of criminal possession of a weapon in the third degree (Penal Law § 265.02 [3]). An element of this crime is that the defendant be shown to have knowingly possessed "a machine-gun, firearm, rifle or shotgun which has been defaced for the purpose of concealment or prevention of the detection of a crime or misrepresenting the identity of such machine-gun, firearm, rifle or shotgun" (Penal Law § 265.02 [3]). The defendant, whose knowing possession of a defaced firearm is beyond question, argues, for the first time on appeal, that the People failed

to prove that the defacement was intended to conceal or prevent the detection of a crime or to misrepresent the weapon's identity. This argument is beyond the scope of review as an issue of law (*e.g., People v Bynum,* 70 NY2d 858; *People v Udzinski,* 146 AD2d 245), and we decline to review it in the exercise of our interests of justice jurisdiction.

The defendant's remaining contentions are without merit. Bracken, J. P., Copertino, Thompson and Friedmann, JJ., concur.