■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY MALDONADO, Appellant. [772 NYS2d 583]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Knipel, J.), rendered June 27, 2000, convicting him of murder in the second degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of murder in the second degree, attempted murder in the second degree, and related charges after shooting two brothers, Victor Ramirez and Jimmy Ramirez, killing the latter. The Supreme Court properly denied the defendant's request to charge manslaughter in the first degree (see Penal Law § 125.20 [1]) as a lesser-included offense of murder in the second degree (see Penal Law § 125.25 [1]), since there was no reasonable view of the evidence, when viewed in the light most favorable to the defendant, to support a finding that he intended only to cause serious physical injury rather than to kill Jimmy Ramirez (see CPL 300.50 [1]; People v Scarborough, 49 NY2d 364, 368 [1980]; People v Holmes, 196 AD2d 555 [1993], lv denied 82 NY2d 755 [1993], cert denied 510 US 1128 [1994]; People v Green, 143 AD2d 768, 770 [1988]). Here, the evidence showed that the defendant shot Jimmy Ramirez point blank in the head from less than two feet away.

We also reject the defendant's contention that the Supreme Court erred in permitting the prosecutor to cross-examine him regarding the underlying facts of his prior arrest for possession of a shotgun despite its not having culminated in a charge of criminal possession of a weapon. Since the defendant raised the affirmative defense of duress, the People were properly permitted to rebut his defense with evidence of his criminal disposition or inconsistent intent (see People v Calvano, 30 NY2d 199, 205-206 [1972]; People v Stranton, 257 AD2d 583 [1999]).

In addition, the Supreme Court providently exercised its discretion in imposing consecutive sentences. After the defendant shot and killed Jimmy Ramirez, he fired two more shots at Victor Ramirez, hitting him in the stomach. Thus, the defendant committed separate acts, neither of which was a material

element of the other (*see* Penal Law § 70.25 [2]; *People v Brown,* 80 NY2d 361, 363-364 [1992]; *People v Brathwaite,* 63 NY2d 839, 842 [1984]; *People v Porter,* 256 AD2d 363, 364 [1998]; *People v Sumpter,* 203 AD2d 605 [1994]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Santucci, J.P., Florio, Schmidt and Mastro, JJ., concur.