The Supreme Court properly denied the defendant’s request to charge manslaughter in the first degree and manslaughter in the second degree as lesser-included offenses of murder in the first degree and murder in the second degree (Penal Law § 125.25 [1]). Viewed in the light most favorable to the defendant (see People v Devonish, 6 NY3d 727 [2005]; People v Randolph, 81 NY2d 868 [1993]; People v Vandenko, 70 AD3d 733 [2010]), there is no reasonable view of the evidence that would support a finding that the defendant intended to cause serious physical injury rather than death (see CPL 1.20 [37]; 300.50 [1]; People v Butler, 84 NY2d 627, 631-632 [1994]; People v Glover, 57 NY2d 61 [1982]; People v Green, 56 NY2d 427 [1982]; People v Maldonado, 5 AD3d 505 [2004]; People v Spears, 271 AD2d 464 [2000]; cf. People v Rivera, 15 NY3d 844 [2010]). The defendant fired four shots at the victim, one to the head and three to his left shoulder and back. Three of the wounds were fatal and one of the wounds on the upper back was caused by a shot fired from a distance of less than six inches. This evidence concerning the number and location of the wounds, as well as other circumstances of the shooting, demonstrate that the court properly determined that charging manslaughter in the first degree and manslaughter in the second degree as lesser-included offenses of murder in the first degree and murder in the second degree was not warranted (see People v Vandenko, 70 AD3d 733 [2010]; People v Maldonado, 5 AD3d 505 [2004]; People v Gauze, 3 AD3d 538 [2004]; People v Spears, 271 AD2d at 465).
The defendant’s challenges to the Supreme Court’s jury charge as to burglary in the second degree are without merit. Viewed as a whole, the instructions correctly and effectively conveyed the proper elements of burglary in the second degree (see People v Fields, 87 NY2d 821, 823 [1995]; People v Vanbrook, 56 AD3d 805 [2008]; People v Mestres, 41 AD3d 618 [2007]; People v Leach, 38 AD3d 917 [2007]; People v Curella, 296 AD2d 578 [2002]; People v Knight, 261 AD2d 487 [1999]; CJI2d[NY] Penal Law § 140.25 [2]; see also People v Lewis, 5 NY3d 546, 551 [2005]).
*843 The defendant’s contentions that the Supreme Court erred in responding to oral questions posed to it by an individual juror in the presence of the attorneys and the defendant without first giving defense counsel a meaningful opportunity to be heard and then giving the jury, in effect, an Allen charge (see Allen v United States, 164 US 492 [1896]), and in not conducting an in camera inquiry to determine whether one of the jurors was “grossly unqualified to serve” (CPL 270.35 [1]; see People v Buford, 69 NY2d 290, 299 [1987]), and that various comments made by the prosecutor during her summation were improper, are unpreserved for appellate review (see CPL 470.05 [2]; People v Ramirez, 15 NY3d 824, 825-826 [2010]; People v Kadarko, 14 NY3d 426, 429-430 [2010]; People v DeRosario, 81 NY2d 801, 803 [1993]; People v Middleton, 18 AD3d 670 [2005]; People v Pain, 298 AD2d 604 [2002]; cf. People v Kisoon, 8 NY3d 129, 135 [2007]; People v O’Rama, 78 NY2d 270, 279 [1991]), and we decline to review them in the exercise of our interest of justice jurisdiction (see CPL 470.15 [3] [c]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Angiolillo, J.P., Dickerson, Belen and Chambers, JJ., concur.