Appeal by the defendant from a judgment of the Supreme Court, Nassau County (McCormack, J.), rendered November 6, 2009, convicting him of a course of sexual conduct against a child in the first degree, aggravated sexual abuse in the second degree (two counts), sexual abuse in the first degree (two counts), sodomy (now criminal sexual act) in the first degree (two counts), and incest in the third degree (two counts), upon a jury verdict, and imposing sentence.
*649 Ordered that the judgment is affirmed.
The defendant’s claim that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a “ ‘mixed claim! Y ” of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109 [2011], quoting People v Evans, 16 NY3d 571, 575 [2011], cert denied 565 US —, 132 S Ct 325 [2011]; see People v Jackson, 97 AD3d 693, 694 [2012]). It is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 [1978]). Since the defendant’s claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Jackson, 97 AD3d at 694; People v Freeman, 93 AD3d 805, 806 [2012]; People v Maxwell, 89 AD3d at 1109). Rivera, J.P, Balkin, Leventhal and Chambers, JJ., concur.