Appeals by the defendant from two judgments of the Supreme Court, Queens County (Lasak, J.), both rendered May 18, 2011, convicting him of attempted burglary in the second degree and possession of burglar tools under indictment No. 1751/09, and burglary in the second degree, grand larceny in the third degree, and criminal mischief in the fourth degree (two counts) under indictment No. 1160/10, upon a jury verdict, and imposing sentences. The appeals brings up for review the denial, after a hearing (Grosso, J.), of that branch of the defendant’s omnibus motion which was to suppress identification testimony.
Ordered that the judgments are affirmed.
The defendant’s contention with respect to the denial of that branch of his omnibus motion which was to suppress identification testimony as the fruit of an unlawful traffic stop is without merit (see People v Ramirez-Portoreal, 88 NY2d 99, 114 [1996]; People v Green, 10 AD3d 664 [2004]). Contrary to the defendant’s contention, the police had reasonable suspicion to stop and detain him.
Contrary to the defendant’s contention, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), the evidence was legally sufficient to establish his guilt of burglary in the second degree beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to burglary in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s contention that the Supreme Court improperly denied the admission into evidence of a certain photograph of a basement window at the home where the attempted burglary occurred is without merit. The defendant failed to establish a proper foundation by showing that it was a fair and accurate representation of the window on the date of the incident (see Moore v Leaseway Transp. Corp., 49 NY2d 720, 723 [1980]; Rodriguez v New York City Tr. Auth., 81 AD3d 804 [2011]).
*1061 The defendant’s contention that he was deprived of a fair trial by the admission of testimony at trial regarding his interaction with a police officer is unpreserved for appellate review (see CPL 470.05 [2]). In any event, the defendant’s contention is without merit, since defense counsel opened the door to this testimony during her cross-examination of the police officer (see People v Melendez, 55 NY2d 445, 451 [1982]).
The defendant’s challenge to certain remarks made by the prosecutor during summation is largely unpreserved for appellate review (see CPL 470.05 [2]). In any event, most of the challenged remarks were proper because they were within the broad bounds of rhetorical comment permissible in closing arguments, constituted a fair response to arguments made by defense counsel in summation, or constituted a fair comment on the evidence (see People v Barton, 110 AD3d 1089, 1090-1091 [2013]). To the extent that some of the comments were improper, they were harmless, since the evidence of the defendant’s guilt was overwhelming and there was no significant probability that the errors might have contributed to the defendant’s convictions (see People v Crimmins, 36 NY2d 230, 241-242 [1975]; People v Barton, 110 AD3d at 1091). Dillon, J.P, Hall, Cohen and Hinds-Radix, JJ., concur.