■ The People of the State of New York, Respondent, v Andres Ramirez, Appellant. [45 NYS3d 568]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lopresto, J.), rendered September 15, 2015, convicting him of robbery in the first degree, robbery in the second degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of the effective assistance of counsel. "[W]hen reviewing claims of ineffective assistance of counsel, care must be taken to avoid confusing true ineffectiveness with mere losing tactics. The performance of counsel must be viewed without the benefit of hindsight and if counsel provided meaningful representation in the context of the evidence, the law, and the circumstances of the particular case, the constitutional requirement will have been met" (*People v Butler*, 143 AD2d 140, 140-141 [1988]; *see People v Satterfield*, 66 NY2d 796, 798-799 [1985]; *People v Baldi*, 54 NY2d 137, 147 [1981]). "[I]t is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings. . . . As long as the defense reflects a reasonable and legitimate strategy under the circumstances and evidence presented, even if unsuccessful, it will not fall to the level of ineffective assistance" (*People v*

*Benevento,* 91 NY2d 708, 712-713 [1998] [citations and internal quotation marks omitted]).

Here, defense counsel presented a reasonable strategy supporting the defendant's credibility by explaining the motivations for his actions, delivered a coherent closing statement consistent with that strategy, effectively cross-examined the prosecution's witnesses, and objected to the prosecutor's questions and proposed exhibits where appropriate (*see People v Baldi,* 54 NY2d at 147-152; *People v Alexander,* 56 AD3d 793 [2008]).

The defendant failed to demonstrate the lack of a strategic or other legitimate explanation for defense counsel's consent to the admission of a certain photograph into evidence (*see People v Benevento,* 91 NY2d at 713; *People v Gilleo,* 70 AD3d 1049, 1050 [2010]).

Most of the prosecutor's alleged improper comments during summation were within the broad bounds of permissible rhetorical comment, a fair response to the defendant's summation, or fair comment on the evidence and the reasonable inferences to be drawn therefrom (*see People v Halm,* 81 NY2d 819, 821 [1993]; *People v Galloway,* 54 NY2d 396, 399-400 [1981]). Defense counsel's failure to object to other remarks made by the prosecutor during summation did not constitute ineffective assistance of counsel (*see People v Benevento,* 91 NY2d at 713; *People v Singh,* 138 AD3d 767, 768 [2016]).

Under the circumstances, the defendant was afforded meaningful representation. Austin, J.P., Cohen, Maltese and Duffy, JJ., concur.