Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mondo, J.), rendered January 14, 2016, convicting him of burglary in the second degree (two counts) and petit larceny (two counts), upon a jury verdict, and imposing sentence.
 

 Ordered that the judgment is affirmed.
 

 In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt with respect to the two counts of burglary in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
 

 The defendant’s contention that he was deprived of the effective assistance of counsel is without merit. “[W]hen reviewing claims of ineffective assistance of counsel, care must be taken to avoid confusing true ineffectiveness with mere losing tactics. The performance of counsel must be viewed without the benefit of hindsight and if counsel provided meaningful representation in the context of the evidence, the law, and the circumstances of the particular case, the constitutional requirement will have been met” (People v Ramirez, 146 AD3d 987, 987 [2017] [internal quotation marks omitted]; see People v Satterfield, 66 NY2d 796, 798-799 [1985]; People v Baldi, 54 NY2d 137, 147 [1981]). “[I]t is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for counsel’s alleged shortcomings. ... As long as the defense reflects a reasonable and legitimate strategy under the circumstances and evidence presented, even if unsuccessful, it will not fall to the level of ineffective assistance” (People v Benevento, 91 NY2d 708, 712-713 [1998] [citations and internal quotation marks omitted]). Here, defense counsel pursued a reasonable strategy and provided meaningful representation (see People v Taylor, 1 NY3d 174 [2003]; People v Benevento, 91 NY2d at 714).
 

 The defendant contends that certain remarks made by the prosecutor during summation deprived him of a fair trial. This contention is largely unpreserved for appellate review (see CPL 470.05 [2]; People v Barcero, 116 AD3d 1060, 1061 [2014]). In any event, this contention is without merit, as the prosecutor’s remarks were permissible rhetorical comment, responsive to defense counsel’s summation, or fair comment on the evidence (see People v Collins, 135 AD3d 783, 783 [2016]; People v Willis, 122 AD3d 950, 950-951 [2014]; People v Barcero, 116 AD3d at 1061).
 

 Mastro, J.P., Hall, Austin and Sgroi, JJ., concur.