People v Goodwine (2020 NY Slip Op 03396)





People v Goodwine


2020 NY Slip Op 03396


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
HECTOR D. LASALLE, JJ.


2005-08104
 (Ind. No. 04-01579)

[*1]The People of the State of New York, respondent,
v
Gregory Goodwine, appellant.


Ronald L. Kuby, New York, NY (Rhidaya S. Trivedi of counsel), for appellant, and appellant pro se.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (William C. Milaccio and Steven A. Bender of counsel), for respondent.



DECISION & ORDER
Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated December 11, 2007 (People v Goodwine, 46 AD3d 702), affirming a judgment of the Supreme Court, Westchester County (Barbara G. Zambelli, J.), rendered July 28, 2005. By decision and order of this Court dated May 31, 2019, the application was held in abeyance and the appellant was granted leave to serve and file a brief on the issue of whether appellate counsel was ineffective for failing to raise an error in connection with the handling of jury notes under People v O'Rama (78 NY2d 270).
ORDERED that the application is denied.
Contrary to the defendant's contention, the trial record alone did not present a clear-cut violation of People v O'Rama (78 NY2d 270), such that appellate counsel was not ineffective for failing to raise that issue on direct appeal (cf. People v Turner, 5 NY3d 476). While, on the instant application, the defendant has submitted his own affidavit and a letter from his trial counsel containing additional facts concerning the handling of a jury note, such facts could not have been presented on the defendant's direct appeal. Rather, a CPL 440.10 proceeding is the appropriate forum for adjudication of claims relying upon evidence dehors the record.
The defendant's remaining contention is without merit.
Accordingly, we deny the application for a writ of error coram nobis.
BALKIN, J.P., CHAMBERS, LEVENTHAL and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court