People v Grant (2020 NY Slip Op 05922)





People v Grant


2020 NY Slip Op 05922


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
BETSY BARROS, JJ.


1995-04901
 (Ind. No. 991/94)

[*1]The People of the State of New York, respondent,
v
William Grant, appellant.


Thomas J. Butler, Melville, NY (Bahar Ansari of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Alfred J. Croce of counsel), for respondent.



DECISION & ORDER
Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated November 2, 1998 (People v Grant, 255 AD2d 334), affirming a judgment of the Supreme Court, Suffolk County, rendered May 2, 1995. By decision and order on motion of this Court dated November 15, 2019, the appellant was granted leave to serve and file a brief on the issue of whether there was error in connection with the handling of a jury note under People v O'Rama (78 NY2d 270), and the application was held in abeyance in the interim.
ORDERED that the application is granted, and the decision and order of this Court dated November 2, 1998, is vacated; and it is further,
ORDERED that the judgment is reversed, on the law, and a new trial is ordered.
The People's contention that this application is barred by laches is without merit (see People v Syville, 15 NY3d 391, 400; People v D'Alessandro, 13 NY3d 216, 221).
We agree with the defendant's contention on this application for a writ of error coram nobis that he was denied the effective assistance of appellate counsel based on former appellate counsel's failure to contend on the appeal that a mode of proceedings error occurred at trial.
A court which receives a substantive juror inquiry must notify counsel and give a meaningful response (see CPL § 310.30; People v O'Rama, 78 NY2d 270, 276). Here, on the afternoon of the first day of jury deliberations, the Supreme Court received a jury note stating "11 of the 12 jurors find the defendant guilty on all counts. One juror after lengthy discussion still has a reasonable doubt on 9 counts. Juror feels we cannot change her/his mind no matter what we say or do. We need direction." The record does not indicate that the court read the contents of the note to the parties, discussed its contents with counsel, or allowed trial counsel an opportunity to propose a response for the jury.
As the jury's request was not a ministerial inquiry requiring only a ministerial response, the Supreme Court was required by People v O'Rama to disclose the precise contents of the note on the record (see People v Nealon, 26 NY3d 152, 161; People v Wood, 164 AD3d 1481). [*2]Meaningful notice in this context means "notice of the actual specific content of the jurors' request" (People v O'Rama, 78 NY2d at 277), and that requirement is not met by summarizing the substance of the note (see People v Nealon, 26 NY3d at 156-157). "[F]ailure to read the note verbatim deprived counsel of the opportunity to accurately analyze the jury's deliberations and frame intelligent suggestions for the court's response" (People v Kisoon, 8 NY3d 129, 135). The requirement that notice be given to counsel is not a mere formality, but is designed to ensure that counsel has the opportunity to be heard before the response is given to the jury (see People v O'Rama, 78 NY2d at 276-277). Failure to disclose the contents of the note prevented trial counsel from participating meaningfully in this critical stage of the trial, which is inherently prejudicial (see id. at 279-280). As the defendant here contends, if the court had read the note to counsel, counsel might have requested an Allen charge, by which the court informs jurors that none of them should surrender a conscientiously held position in order to reach an unanimous verdict (see Allen v United States, 164 US 492, 501; People v Alcide, 21 NY3d 687; People v Aponte, 2 NY3d 304).
It does not cure the error to speculate whether the Supreme Court provided counsel with a copy of the note off the record. Reviewing courts cannot assume that the proper procedure was utilized when the record is devoid of such information (see People v Silva, 24 NY3d 294, 300). "[W]henever a substantive written jury communication is received by the Judge, it should be marked as a court exhibit and, before the jury is recalled to the courtroom, read into the record in the presence of counsel. Such a step would ensure a clear and complete record, thereby facilitating adequate and fair appellate review" (People v O'Rama, 78 NY2d at 277). Moreover, "[w]here the record fails to show that defense counsel was apprised of the specific, substantive contents of the note—as it is in this case—preservation is not required" (People v Walston, 23 NY3d 986, 990).
The failure to provide counsel with meaningful notice of a substantive jury note requires reversal, regardless of whether the Supreme Court provided the jurors with a meaningful response to their note (see People v Mack, 27 NY3d 534, 538). In short, in the absence of record evidence that the court complied with its core responsibilities under CPL § 310.30, a mode of proceedings error occurred requiring reversal (see People v Parker, 32 NY3d 49, 60-61; People v Tabb, 13 NY3d 852, 853; People v Petrizzo, 184 AD3d 673; People v Copeland, 175 AD3d 1316).
There is no strategic or other legitimate explanation for appellate counsel's failure to make this argument on appeal (see People v Rivera, 71 NY2d 705). This is a rare case in which a single failing in an otherwise competent performance is so egregious and prejudicial as to deprive the defendant of his constitutional right to the effective assistance of counsel (see People v Feliciano, 17 NY3d 14, 21). Accordingly, we grant the application for a writ of error coram nobis, and order a new trial (see People v Smith, 181 AD3d 828; People v Adderly, 176 AD3d 728).
AUSTIN, J.P., MILLER, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court