People v Powell (2020 NY Slip Op 07102)





People v Powell


2020 NY Slip Op 07102


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2013-05606
 (Ind. No. 10308/10)

[*1]The People of the State of New York, respondent,
v
Ragene Powell, also known as Ragene Powell- Dickerson, appellant.


Craig S. Leeds, New York, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Diane R. Eisner, and Julian Joiris of counsel), for respondent.



DECISION & ORDER
Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated June 14, 2017 (People v Powell, 151 AD3d 889), affirming a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered May 13, 2013. By decision and order on motion of this Court dated February 6, 2020, the appellant was granted leave to serve and file a brief on the issues of whether there was error in connection with the handling of a jury note under People v O'Rama (78 NY2d 270) and whether the appellant's sentence was excessive, and the application was held in abeyance in the interim. The parties have now filed their respective briefs.
ORDERED that the application is granted, and the decision and order of this Court dated June 14, 2017, is vacated; and it is further,
ORDERED that the judgment is reversed, on the law, and a new trial is ordered.
As conceded by the People, and for the reasons set forth in the decision and order on the appeal of the appellant's codefendant Jimmy Copeland (see People v Copeland, 175 AD3d 1316), the Supreme Court failed to comply with CPL 310.30, in accordance with the procedures set forth in People v O'Rama (78 NY2d 270) for the handling of jury notes (see People v Walston, 23 NY3d 986, 989-990; People v Adderly, 176 AD3d 728, 729).
Furthermore, there is no strategic or other legitimate explanation for appellate counsel's failure to make this argument on appeal (see People v Rivera, 71 NY2d 705, 708-709; People v Grant, ___AD3d___, 2020 NY Slip Op 05922 [2d Dept]; cf. People v Goodwine, 184 AD3d 736, 736). This is a rare case in which a single failing in an otherwise competent performance is so egregious and prejudicial as to deprive the appellant of his constitutional right to the effective assistance of counsel (see People v Feliciano, 17 NY3d 14, 21). Accordingly, we grant the application for a writ of error coram nobis, and order a new trial (see People v Grant,_____ AD3d _____, 2020 NY Slip Op 05922, *2; People v Smith, 181 AD3d 828).
The appellant's remaining contention has been rendered academic in light of our [*2]determination.
BALKIN, J.P., BARROS, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court