People v Abodalo (2020 NY Slip Op 08073)





People v Abodalo


2020 NY Slip Op 08073


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2016-09091
 (Ind. No. 1818/08)

[*1]The People of the State of New York, respondent,
v
Jalal Abodalo, appellant.


Barket Epstein Kearon Aldea & LoTurco, LLP, Garden City, NY (Donna Aldea of counsel), for appellant.
Madeline Singas, District Attorney, Mineola, NY (Judith R. Sternberg and Barbara Kornblau of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Nassau County (Teresa K. Corrigan, J.), entered July 28, 2016. The order, insofar as appealed from, denied, after a hearing, those branches of the defendant's motion which were pursuant to CPL 440.10 to vacate so much of a judgment of the same court (James P. McCormack, J.), rendered November 6, 2009, as convicted him of course of sexual conduct against a child in the first degree, aggravated sexual abuse in the second degree under count four of the indictment, sexual abuse in the first degree under count five of the indictment, sodomy (now criminal sexual act) in the first degree (two counts), and incest in the third degree (two counts), upon a jury verdict, and imposed sentence.
ORDERED that the order is affirmed insofar as appealed from.
The defendant was convicted of certain crimes in connection with the sexual abuse of his nephew over the course of several years. He appealed from the judgment, arguing that he was denied the effective assistance of counsel. This Court affirmed the judgment, based upon our determination that the defendant's claim of ineffective assistance of counsel presented a mixed claim of ineffective assistance involving, in part, matter appearing on the record and, in part, matter outside the record, and thus, a CPL 440.10 proceeding was the appropriate forum for reviewing the claim in its entirety (see People v Abodalo, 100 AD3d 648).
The defendant thereafter moved to vacate the judgment of conviction pursuant to CPL 440.10, contending, inter alia, that he was denied the effective assistance of counsel by various failures of his counsel, including failing to procure and introduce certain alibi evidence. After a hearing, the Supreme Court found that the defendant had failed to sustain his burden of proof on his claim of ineffective assistance of counsel.
Nevertheless, the Supreme Court found that the defendant had succeeded in showing, by clear and convincing evidence, that he was actually innocent of the commission of certain acts alleged to have been committed on specific dates, encompassed by count one (course of sexual conduct against a child in the first degree), count two (aggravated sexual abuse in the second degree), [*2]and count three (sexual abuse in the first degree). The court, therefore, dismissed counts two and three. However, the court did not dismiss count one, based upon its reasoning that, "[b]ecause count 1 covers numerous acts of abuse on numerous dates for which there is not clear and convincing evidence of actual innocence, the conviction associated with count 1 remains." The defendant's motion with respect to the remaining counts was otherwise denied.
"'The right to effective assistance of counsel is guaranteed by the Federal and State Constitutions[,] [but a] contention of ineffective assistance of trial counsel requires proof of less than meaningful representation, rather than simple disagreement with strategies and tactics'" (People v Clark, 129 AD3d 1, 16, affd 28 NY3d 556, quoting People v Rivera, 71 NY2d 705, 708-709; see People v Maffei, 35 NY3d 264, 269). "To prevail on an ineffective assistance claim, a defendant must 'demonstrate the absence of strategic or other legitimate explanations'—i.e., those that would be consistent with the decisions of a 'reasonably competent attorney'—for the alleged deficiencies of counsel" (People v Maffei, 35 NY3d at 269, quoting People v Benevento, 91 NY2d 708, 712). "[T]rial tactics which terminate unsuccessfully do not automatically indicate ineffectiveness" (People v Baldi, 54 NY2d 137, 146).
Here, we agree with the Supreme Court that the defendant failed to establish that he was denied the effective assistance of counsel at his trial. The defendant did not demonstrate the absence of strategic or other legitimate explanations for, inter alia, certain individuals not being called as witnesses, not obtaining certain documentary evidence, and the manner in which trial counsel rebutted the People's medical evidence. The record showed that certain witnesses were unwilling to testify or, in any event, were unable to confirm that the defendant was not in the United States at the time that some of the incidents occurred (see People v Stewart, 248 AD2d 414, 414), while the identities of others were unknown to trial counsel since the defendant did not want anyone beyond a very small group of individuals to know of the allegations which he deemed to be embarrassing for him and his family (see People v Hamilton, 272 AD2d 553, 554). In addition, the defendant failed to demonstrate that his trial counsel was ineffective for not introducing certain documentation into evidence at trial. Moreover, the defendant did not demonstrate that trial counsel's decision to rebut the People's medical evidence through testimony from a sexual assault nurse examiner and to present an alternative theory for the existence of the medical findings was anything more than a disagreement with trial tactics and strategies (see People v Guay, 72 AD3d 1201, 1204, affd 18 NY3d 16).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
AUSTIN, J.P., MILLER, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court