People v Dennis (2021 NY Slip Op 01994)





People v Dennis


2021 NY Slip Op 01994


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-04246
 (Ind. No. 48/17)

[*1]The People of the State of New York, respondent,
v
Ricky Dennis, appellant.


Paul Skip Laisure, New York, NY (De Nice Powell of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Alexander Fumelli of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (William E. Garnett, J.), rendered March 28, 2018, convicting him of murder in the first degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and a new trial is ordered.
Contrary to the defendant's contention, defense counsel was not ineffective because he failed to controvert a warrant to search the defendant's vehicle or to otherwise seek suppression of the vehicle's contents (see Mapp v Ohio, 367 US 643). Taking into consideration the totality of the evidence, the law, and the circumstances of the case, it is evident that defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 714). The defendant failed to demonstrate the lack of a strategic or other legitimate explanation for defense counsel's decision to forgo controverting the search warrant or to otherwise seek suppression of the contents of the vehicle (see People v Ramirez, 146 AD3d 987, 988). Moreover, "[c]ounsel's failure to . . . challenge the search warrant can be explained as a legitimate trial strategy because the application for the warrant was supported by probable cause" (People v Smith, 163 AD3d 1005, 1005). 
However, a new trial is required based upon the Supreme Court's failure to comply with CPL 310.30 in accordance with the procedures set forth in People v O'Rama (78 NY2d 270). CPL 310.30 imposes two responsibilities on trial courts upon receipt of a substantive note from a deliberating jury: "the court must provide counsel with meaningful notice of the content of the note, and the court must provide a meaningful response to the jury" (People v Thomas, 146 AD3d 991, 993 [internal quotation marks omitted]; see People v O'Rama, 78 NY2d at 276; People v Stocks, 101 AD3d 1049, 1050). Meaningful notice means notice of the actual specific content of the jurors' request (see People v Parker, 32 NY3d 49, 59; People v Mack, 27 NY3d 534, 538), and requires that a court "read a jury note 'verbatim' so that the parties have 'the opportunity to accurately analyze the jury's deliberations and frame intelligent suggestions for the court's response'" (People v Silva, 24 NY3d 294, 299, quoting People v Kisoon, 8 NY3d 129, 135; see People v Kluge, 180 AD3d 705, 711; People v Copeland, 175 AD3d 1316, 1317). Where a trial court "paraphrases a jury note or omits a key term, thereby failing to provide counsel with . . . notice of the precise content of [*2]a substantive juror inquiry, a mode of proceedings error occurs, and reversal is therefore required even in the absence of an objection" (People v Nealon, 26 NY3d 152, 157; see People v Alcide, 21 NY3d 687, 692; People v Tabb, 13 NY3d 852, 853).
At trial, a recording of one of the defendant's jail phone calls was introduced into evidence and played for the jury. In addition, the jury was provided with a purported transcript of the call, which was described merely as an aid and was not itself in evidence, and which the Supreme Court instructed should not control in the event of any discrepancy between the recording and the transcript. During deliberations, the jury sent the court a note, marked as court exhibit number 4, which the court stated on the record as "asking for [the defendant's] phone call from jail." This description, however, omitted the word "transcript," which was included at the end of the note in parentheses. The court then stated to the jury that it would play the call again, but would not provide a copy of the transcript.
Contrary to the People's contention, the jury's request did not only implicate the court's ministerial function, as the request can be interpreted as seeking the transcript of the phone call, rather than the call itself. Notably, there was a discrepancy between the transcript and the phone call, and to the extent that the jury's request implied that the transcript left an impression on the jury, despite the court's instructions (see People v Rupnarine, 140 AD3d 1204, 1205-1206), counsel for the defendant should have been made aware of the verbatim contents of the request (see People v Copeland, 175 AD3d at 1318; People v Wood, 164 AD3d 1481, 1482). Failure to disclose the precise contents of the note deprived the defense of the opportunity to "analyze the jury's deliberations" given the note's ambiguous meaning, "and frame intelligent suggestions for the court's response" (People v Silva, 24 NY3d at 299 [internal quotation marks omitted]).
The People's alternative argument that defense counsel was made aware of the full contents of the note, including the parenthetical reference to the "transcript," is without merit, as the record does not support this assertion, and it cannot be assumed that the full contents of the note were revealed in an "'off-the-record conference that the transcript does not refer to'" (People v Morrison, 32 NY3d 951, 952, quoting People v Walston, 23 NY3d 986, 990; see People v Parker, 32 NY3d 49, 60; People v Grant, 187 AD3d 1043; People v Kluge, 180 AD3d at 712). Moreover, contrary to the People's contention, the Supreme Court's instruction to the jury that it would not provide the transcript when it played the phone call a second time did not necessarily alert defense counsel to the precise contents of the jury note (see People v Parker, 32 NY3d at 60; People v Kluge, 180 AD3d at 712).
As such, the Supreme Court committed a mode of proceedings error when it failed to provide counsel with meaningful notice of the precise contents of the substantive juror inquiry, and therefore, reversal is required (see People v Morrison, 32 NY3d at 952; People v Nealon, 26 NY3d at 157; People v Wood, 164 AD3d at 1482).
The defendant's remaining contentions have been rendered academic in light of our determination.
DILLON, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court