People v Ramirez (2022 NY Slip Op 05098)

People v Ramirez

2022 NY Slip Op 05098

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-04346
 (Ind. No. 2627/17)

[*1]The People of the State of New York, respondent,
v
Fernando Ramirez, appellant.

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Rosalind C. Gray, Marion Tang, and Meaghan Powers of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered June 1, 2021, convicting him of aggravated vehicular homicide (three counts), manslaughter in the second degree, aggravated unlicensed operation of a motor vehicle in the first degree, aggravated driving while intoxicated, driving while intoxicated (two counts), driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs, reckless driving, and consumption or possession of an alcoholic beverage in a motor vehicle, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of multiple crimes relating to his operation of a motor vehicle, which he drove into an intersection, ignoring a steady red light, causing a fatal crash involving two other vehicles. The defendant appeals, and we affirm.
The defendant's contention that the People did not present legally sufficient evidence that he operated his vehicle in a reckless manner is unpreserved for appellate review, as the defendant failed to move for a trial order of dismissal on the basis of that specific claim (see People v Hawkins, 11 NY3d 484, 492; People v Peloso, 176 AD3d 1107, 1108). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
There is no merit to the defendant's contention that the County Court's COVID-19 procedures deprived him of the ability to meaningfully participate in jury selection. While a defendant has the right to participate in jury selection (see CPL 260.20; People v Sloan, 79 NY2d 386, 391; People v Rodriguez, 71 NY2d 214, 218), which is generally understood to include an [*2]"opportunity 'to assess the jurors' facial expressions, demeanor and other subliminal responses as well as the manner and tone of their verbal replies so as to detect any indication of bias or hostility'" (People v Wilkins, 37 NY3d 371, 377, quoting People v Sloan, 79 NY2d at 392), the record here does not support the notion that either face coverings, or spacing due to social distancing, interfered with, or deprived, the defendant of the ability to observe potential jurors, or to otherwise assess their facial expressions and demeanor during voir dire (see generally United States v Thompson, 543 F Supp 3d 1156, 1163-1164).
Contrary to the defendant's contention, he was not entitled to a mistrial on the ground that the decedent's widow was observed crying at the beginning of the People's opening remarks, in view of the County Court's observations that the widow's crying was inconspicuous and did not distract from the proceeding, and any resulting prejudice was promptly ameliorated by a directive, outside of the jury's presence, that the widow must refrain from further emotional displays during the trial (see People v Rivera, 268 AD2d 538, 539; People v Pantoliano, 127 AD2d 857). The defendant's contention that the court, in effect, should have inquired of the jury consistent with People v Buford (69 NY2d 290, 298; see CPL 270.35[1]), is unpreserved for appellate review, as defense counsel never requested any such inquiry (see People v Bailey, 32 NY3d 70, 80; People v Terrell, 149 AD3d 1108, 1109). In any event, according the court the benefit of its own observations that the widow's crying was inconspicious, did not distract from the proceeding, and was of brief duration, further inquiry of the jury was not required (see People v Rivera, 124 AD3d 917, 918; cf. People v Arena, 70 AD3d 1044, 1046).
The defendant's contention that certain of the prosecutor's summation remarks constituted reversible error because they misstated the evidence concerning the speed at which the defendant operated his vehicle at the time of the crash, is unpreserved for appellate review because the defendant failed to object, request curative instructions, or timely move for a mistrial on these grounds (see CPL 470.05[2]; People v Stallone, 204 AD3d 841; People v Rivera, 130 AD3d 655, 656). In any event, the contention is without merit. The challenged remarks were either fair comment on the evidence (see People v Ashwal, 39 NY2d 105, 109), or constituted harmless error in light of the overwhelming evidence of the defendant's guilt, and the fact that there was no significant probability that such errors might have contributed to the defendant's convictions, and were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Crimmins, 36 NY2d 230, 241; People v Macon, 200 AD3d 907).
The sentence imposed was not excessive (see People v. Suitte, 90 AD2d 80).
CONNOLLY, J.P., ROMAN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court