People v Russell (2023 NY Slip Op 02797)

People v Russell

2023 NY Slip Op 02797

Decided on May 24, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2020-01582
 (Ind. No. 8495/17)

[*1]The People of the State of New York, respondent,
v
Ronald Russell, appellant.

Twyla Carter, New York, NY (Katheryne M. Martone of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ruth E. Ross, and Andrew S. Durham of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Joanne D. Quinones, J.), rendered January 3, 2020, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
In connection with a shooting that occurred in Brooklyn, New York, on May 17, 2012, the defendant was convicted of murder in the second degree and two counts of criminal possession of a weapon in the second degree.
The defendant's contention that he was deprived of the effective assistance of counsel is without merit. "Under the federal ineffective assistance of counsel standard, the defendant must satisfy a two-pronged test in order to establish that counsel was ineffective: (1) 'that counsel's representation fell below an objective standard of reasonableness,' and (2) 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'" (People v Wolbert, 207 AD3d 483, 485, quoting Strickland v Washington, 466 US 668, 688, 694). "Under the New York standard, the first prong is identical to its federal counterpart, but the second prong is based on the fairness of the process as a whole rather than the impact of counsel's errors on the outcome of the case" (People v Parvez, 209 AD3d 885, 886-887). In other words, under the New York standard, "[w]here the evidence, the law and the circumstances of a particular case, viewed together and as of the time of representation, reveal that meaningful representation was provided, defendant's constitutional right to the effective assistance of counsel has been satisfied" (People v Satterfield, 66 NY2d 796, 798-799, citing People v Baldi, 54 NY2d 137, 147; see People v Ramos, 194 AD3d 964, 965). "'[W]hen reviewing claims of ineffective assistance of counsel, care must be taken to avoid confusing true ineffectiveness with mere losing tactics'" and "'[t]he performance of counsel must be viewed without the benefit of hindsight'" (People v Ramirez, 146 AD3d 987, 987, quoting People v Butler, 143 AD2d 140, 140; see People v Mendoza, 155 AD3d 652, 652). Moreover, to prevail on a claim of ineffective assistance of counsel, it is incumbent on the defendant "to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (People v Taylor, 1 NY3d 174, 176 [internal [*2]quotation marks omitted]; see People v Ramirez, 146 AD3d at 987).
Here, contrary to the defendant's contention, defense counsel was not ineffective for failing to move for a hearing pursuant to Frye v United States (293 F 1013), with respect to certain ballistics and DNA evidence (see People v Johnston, 192 AD3d 1516, 1522-1523; People v Walker, 188 AD3d 1274, 1275; People v Frederick, 186 AD3d 1398, 1399-1400; People v Dickinson, 182 AD3d 783, 789-790; cf. People v Wilson, 164 AD3d 1012, 1019-1021). People v Williams (35 NY3d 24, 24, 29-30, 40-41), wherein the Court of Appeals held that it was error to admit expert testimony, inter alia, with respect to "the results of an analysis conducted using the proprietary forensic statistical tool (FST) developed and controlled by the New York City Office of Chief Medical Examiner (OCME)," without first holding a Frye hearing (id. at 30), was issued several months after the trial was held in this case, and counsel was not ineffective for failing to anticipate its outcome (see People v Cunningham, 194 AD3d 954, 956).
Overall, the prosecutor's alleged improper comments during summation, to which the defendant contends defense counsel ought to have objected, but failed to do so, "were within the broad bounds of permissible rhetorical comment, a fair response to the defendant's summation, or fair comment on the evidence and the reasonable inferences to be drawn therefrom" (People v Ramirez, 146 AD3d at 988; see People v Speak, 28 NY3d 990, 992; cf. People v Day, 178 AD3d 845, 846). With respect to the prosecutor's technically inaccurate comment that "no one else came in contact" with the murder weapon, given that the single source DNA profile on the murder weapon matched the DNA of the defendant, the Supreme Court, inter alia, gave a curative instruction at the People's request. Moreover, under the circumstances, the prosecutor's comment to the effect that the DNA evidence implicated only the defendant and his accomplice, also technically inaccurate, was not "so egregious or misleading that defense counsel's failure to object constituted ineffective assistance so as to deprive defendant of a fair trial" (People v Lawrence, 141 AD3d 828, 834; cf. People v Wright, 25 NY3d 769, 784; People v Powell, 165 AD3d 842, 843-844). The defendant's remaining contentions with respect to any of defense counsel's other alleged shortcomings are without merit (see People v Ragsdale, 68 AD3d 897, 897-898; People v Reynolds, 46 AD3d 845, 845; cf. People v Morales, 108 AD3d 574, 575; People v Alford, 33 AD3d 1014, 1015-1016). Accordingly, under the circumstances, the defendant was not deprived of the effective assistance of counsel.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BRATHWAITE NELSON, J.P., GENOVESI, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court