People v Bryant (2023 NY Slip Op 04212)

People v Bryant

2023 NY Slip Op 04212

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2017-02484
 (Ind. No. 2906/15)

[*1]The People of the State of New York, respondent,
v
Kenneth Bryant, appellant.

Patricia Pazner, New York, NY (Yvonne Shivers of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Keith Dolan, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent Del Giudice, J.), rendered February 8, 2017, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
In connection with an incident in which the defendant shot and killed the decedent during an altercation in a nail salon, the defendant was convicted of murder in the second degree and criminal possession of a weapon in the second degree.
The defendant's contention that the evidence was legally insufficient to prove his guilt of murder in the second degree is partially unpreserved for appellate review (see CPL 470.05[2]; People v Middleton, 52 AD3d 533, 533; People v Jones, 309 AD2d 819, 819; People v Braithwaite, 286 AD2d 507, 507-508). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to disprove the defendant's justification defense and to establish the defendant's guilt of murder in the second degree beyond a reasonable doubt (see People v Lentini, 172 AD3d 1099, 1100). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the jury's rejection [*2]of the defendant's justification defense and the verdict of guilt as to that crime was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, defense counsel was not ineffective for failing to request a charge of manslaughter in the first degree as a lesser included offense of murder in the second degree. Defense counsel could have reasonably determined, under the circumstances, that the jury's consideration of the lesser included offense of manslaughter in the first degree would have detracted its attention from the central theory of the defense case, i.e., that the defendant was legally justified in shooting the decedent (see People v Spencer, 183 AD3d 1258, 1260). Additionally, viewing the record in the light most favorable to the defendant, there was no reasonable view of the evidence to support a finding that the defendant intended to cause serious physical injury as opposed to death (see Penal Law § 125.20[1]; CPL 300.50[1]; People v Bostic, ___ AD3d ___, 2023 NY Slip Op 03014 [2d Dept]; People v Simmons, 97 AD3d 842, 842; People v Pinella, 244 AD2d 435, 436), as the defendant shot the decedent five times in the head and torso at close range (see People v Acevedo, 112 AD3d 454, 454; People v Alston, 298 AD2d 702, 703; People v Frazier, 291 AD2d 211, 211).
Furthermore, defense counsel was not ineffective for failing to introduce evidence of prior violent acts against the defendant's brother and friend by the decedent and his family members a short time before the incident, as the defendant failed to demonstrate the lack of a strategic or other legitimate explanation for defense counsel's decision (see People v Ramirez, 146 AD3d 987, 988). Moreover, the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, reveal that defense counsel provided meaningful representation (see People v Baldi, 54 NY2d 137, 146-147).
The defendant's contention regarding the constitutionality of Penal Law § 265.03 is unpreserved for appellate review, as the defendant failed to raise a constitutional challenge before the Supreme Court (see People v Manners, ___ AD3d ___, 2023 NY Slip Op 03017 [2d Dept]; People v McDowell, 214 AD3d 1437, 1439; People v Mabry, 214 AD3d 1300, 1301). In any event, the defendant's contention is without merit, as the ruling in New York State Rifle & Pistol Assn., Inc. v Bruen (___ US ___, 142 S Ct 2111) "had no impact on the constitutionality of New York State's criminal possession of a weapon statutes" (People v Manners, ___ AD3d at ___, 2023 NY Slip Op 03017, *3).
The defendant's contention that he was deprived of a fair trial as a result of certain remarks made by the prosecutor during summation is unpreserved for appellate review, as the defendant failed to object to the challenged remarks or made only general objections, failed to request curative instructions or further curative instructions, and failed to move for a mistrial on this ground (see CPL 470.05[2]; People v Komynar, 210 AD3d 698, 700). In any event, most of the challenged remarks were responsive to the defense summation, within the bounds of permissible rhetorical comment, or constituted fair comment on the evidence (see People v Anderson, 197 AD3d 713, 713-714). To the extent that any of the prosecutor's remarks were improper, they were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Komynar, 210 AD3d at 700), and any other error in this regard was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that such errors might have contributed to the defendant's convictions (see People v Crimmins, 36 NY2d 230, 241-242).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., DUFFY, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court