People v Weaver (2024 NY Slip Op 06065)

People v Weaver

2024 NY Slip Op 06065

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2019-09016
 (Ind. No. 460/18)

[*1]The People of the State of New York, respondent,
v
Shawn Weaver, appellant.

Portale Randazzo LLP, White Plains, NY (Chad Mair of counsel), for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Virginia A. Marciano and Raffaelina Gianfrancesco of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Susan Cacace, J.), rendered July 9, 2019, convicting him of assault in the first degree, robbery in the first degree, and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (see People v Ramirez, 208 AD3d 897, 898, affd 41 NY3d 406; People v Lewis, 189 AD3d 887, 889; People v Tebout, 179 AD3d 1099, 1100). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644).
The defendant contends that he was deprived of the effective assistance of counsel. Under the federal standard, the defendant must demonstrate that counsel's performance "fell below an objective standard of reasonableness" and "that the deficient performance prejudiced the defense" (Strickland v Washington, 466 US 668, 687; see People v Russell, 216 AD3d 1111, 1112). Pursuant to the New York standard, "'a court must examine whether the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation'" (People v Alvarenga, 218 AD3d 485, 487, quoting People v Sposito, 37 NY3d 1149, 1150; see People v Bryant, 219 AD3d 622, 624; People v Russell, 216 AD3d at 1112).
The defendant bears the burden of demonstrating the "'absence of strategic or other legitimate explanations for counsel's alleged shortcomings'" (People v Ramirez, 146 AD3d 987, [*2]987, quoting People v Benevento, 91 NY2d 708, 712; see People v Gonzalez, 210 AD3d 1005, 1006). "'Isolated errors in counsel's representation generally will not rise to the level of ineffectiveness, unless the error is so serious that [the] defendant did not receive a fair trial'" (People v Windley, 70 AD3d 1060, 1061, quoting People v Henry, 95 NY2d 563, 565-566).
The defendant's contention that he was deprived of the effective assistance of counsel is without merit. Contrary to the defendant's contention, defense counsel was not ineffective for failing to cross-examine the complainant about his entire criminal history and for failing to recall the complainant as a witness (see People v Abodalo, 189 AD3d 1607, 1608; People v Hinton, 285 AD2d 476, 477). Likewise, defense counsel was not ineffective for failing to question the People's witnesses about the dimensions of the clothing iron used in the commission of the crimes. The defendant failed to establish the absence of a strategic reason or other legitimate explanation for defense counsel's alleged shortcomings (see People v Jeffriesel, 209 AD3d 1034, 1036; People v Salas, 208 AD3d 1368, 1369). Viewed in totality, the record demonstrates that defense counsel provided meaningful representation (see People v Long, 222 AD3d 881, 882; People v Bryant, 219 AD3d at 624; People v Dennis, 192 AD3d 1137, 1137).
BARROS, J.P., CHAMBERS, VOUTSINAS and VENTURA, JJ., concur.

2019-09016 DECISION & ORDER ON MOTION
The People, etc., respondent,
v Shawn Weaver, appellant.
(Ind. No. 460/18)

Appeal from a judgment of the Supreme Court, Westchester County, rendered July 9, 2019. Motion by the respondent to strike stated portions of the appellant's brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated February 16, 2024, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is granted, and subsections C and D of Point II of the appellant's brief are stricken and have not been considered in the determination of the appeal.
BARROS, J.P., CHAMBERS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court